KENTY, APPELLANT, *v.* TRANSAMERICA PREMIUM INSURANCE COMPANY ET AL., APPELLEES.

[Cite as *Kenty v. Transamerica Premium Ins. Co.* (1995), 72 Ohio St.3d 415.]

(No. 93–2560—Submitted March 7, 1995—Decided July 5, 1995.)

*Malakoff, Doyle & Finberg, P.C., Ellen M. Doyle* and *Michael P. Malakoff;* *Specter Law Offices, P.C.* and *George B. Mahfood; Rishel, Myers & Kopech* and *David A. Kopech,* for appellant.

*Morrison & Foerster* and *Mark P. Ladner; Buckingham, Doolittle & Burroughs* and *Joel H. Mirman,* for appellees Transamerica Premier Insurance Company and Transamerica Premier Insurance Services, Inc.

*Vorys, Sater, Seymour & Pease, David S. Cupps* and *Anthony J. O'Malley; Betts & Perry* and *Michael J. Betts,* for appellees Banc One Corporation, Banc One Ohio Corporation and Banc One Wisconsin Insurance Services Corporation.

*Murray & Murray, John T. Murray, Thomas J. Murray* and *Alicia Wolph,* urging reversal for *amicus curiae,* Ohio Academy of Trial Lawyers.

---

PFEIFER, J. A motion to dismiss can be granted only where the party opposing the motion is unable to prove any set of facts which would entitle him to the relief requested. When reviewing a complaint under this standard, the factual allegations contained in the complaint are taken as true. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753; *Bridges v. Natl. Eng. & Contracting Co.* (1990), 49 Ohio St.3d 108, 112, 551 N.E.2d 163, 167. When reviewing a case on a motion to dismiss, the reviewing court must construe all material allegations in the complaint and all reasonable inferences drawn therefrom in favor of the nonmoving party. *Phung v. Waste Mgt., Inc.* (1986), 23 Ohio St.3d 100, 23 OBR 260, 491 N.E.2d 1114. This standard of review must be applied to all three counts of Kenty's complaint to determine whether the complaint was properly dismissed.

## I

The first count of Kenty's complaint alleges that appellees tortiously interfered with Kenty's contract with Bank One Columbus. Before addressing the details of this count, it is necessary to determine whether a cause of action for tortious interference with a contract is recognized in Ohio. Although many appellate courts have recognized the tort of tortious interference with a contract, this court has never formally done so. For the record, therefore, this court conforms to the trend of other Ohio courts and holds that the tort of tortious interference with a contractual relationship is recognized in Ohio.

We must also determine the elements of tortious interference with a contract. For guidance we look to the Restatement of the Law 2d, Torts (1979), which has been cited by the Franklin County Court of Appeals in *Developers Three v. Nationwide Ins. Co.* (1990), 64 Ohio App.3d 794, 798, 582 N.E.2d 1130, 1133. Section 766 of the Restatement provides:

"Intentional Interference with Performance of Contract by Third Person.

"One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by

inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract."

This section of the Restatement has been adopted in other states. See *Trimble v. Denver* (Colo.1985), 697 P.2d 716; *Westway Trading Corp. v. River Terminal Corp.* (Iowa 1982), 314 N.W.2d 398; and *Hangar One, Inc. v. Davis Assoc., Inc.* (1981), 121 N.H. 586, 431 A.2d 792. We too adopt the analysis of the Restatement and hold that in order to recover for a claim of intentional interference with a contract, one must prove (1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) lack of justification, and (5) resulting damages.

Assuming all of the facts alleged in appellant's complaint are true, we hold that Kenty's complaint addresses all of the elements of intentional interference with a contract. Kenty claims that there is a contract between herself and Bank One Columbus. Kenty claims that appellees maliciously interfered with the contract and caused Bank One Columbus to charge Kenty for insurance that she was not required to purchase. Finally, Kenty alleges that she suffered monetary damages as a result of appellees' actions. By drawing all inferences in favor of Kenty, as we are required to do, we hold that this overcharging for insurance coverage could have been a breach by Banc One Columbus induced by the appellees. Thus, the court of appeals erred when it affirmed the dismissal of Kenty's claim of interference with a contract.

## II

We next determine whether Kenty's claim for unlawful civil conspiracy was properly dismissed. "Civil conspiracy" has been defined as "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." *LeFort v. Century 21– Maitland Realty Co.* (1987), 32 Ohio St.3d 121, 126, 512 N.E.2d 640, 645, citing *Minarik v. Nagy* (1963), 8 Ohio App.2d 194, 196, 93 Ohio Law Abs. 166, 168, 26 O.O.2d 359, 360, 193 N.E.2d 280, 281.

Kenty claims that appellees secretly conspired to charge her for the six coverages, which she did not authorize. Kenty also claims that appellees conspired to conceal payments made from Transamerica Insurance to Bank One Wisconsin Insurance that should have reduced the amount of premiums she was required to pay. Kenty's complaint alleges that the statement of insurance to Kenty by Transamerica did not disclose the proper premium that she should have paid. Finally, in the civil conspiracy count of her complaint, Kenty alleged monetary damages as a result of appellees' actions.

420

These allegations in Kenty's complaint, if true, fulfill our definition of "civil conspiracy" announced in *LeFort*. Thus, the count in Kenty's complaint alleging civil conspiracy should not have been dismissed.

## III

In her propositions of law, Kenty does not contest the trial court's dismissal of the third count of her complaint, which alleges that Transamerica breached the duty of good faith and fair dealing that it owed to her pursuant to their contractual relationship. Accordingly, we do not consider the portion of the court of appeals' opinion that affirms the trial court's dismissal of the third count of Kenty's complaint.

## IV

We reverse the judgment of the court of appeals to the extent it affirms the trial court's dismissal of counts one and two of Kenty's complaint.

*Judgment reversed*
*and cause remanded.*

Douglas, Young, Resnick, F.E. Sweeney and Cook, JJ., concur.

Moyer, C.J., concurs in the syllabus only.

Frederick N. Young, J., of the Second Appellate District, sitting for Wright, J.