MEMORANDUM DECISION AND JUDGMENT ENTRY.
Appellant, Paul E. Thomson, M.D., appeals from the judgment of the Hamilton County Court of Common Pleas in favor of defendant-appellee, The Deaconess Hospital of Cincinnati ("Deaconess"),[1] on Dr. Thomson's claims for breach of contract and tortious interference with a contract. For the following reasons, we affirm the judgment of the lower court.
The record indicates that Dr. Thomson and Deaconess entered into an agreement whereby Dr. Thomson was to provide his services at Deaconess's Arthritis Center in Cincinnati and at a Deaconess outreach program in Brown County, Ohio. The parties agreed upon a specific form to be used to notify Dr. Thomson's patients of his forwarding address upon termination of the agreement.
In August 1992, Deaconess provided Dr. Thomson with the contractually required notice that his employment would be terminated. Deaconess asked Dr. Thomson to provide it with his new address so that the notification could be sent to his patients, but Dr. Thomson refused to provide that information. He instead asked Deaconess to send the notice with the address space left blank. Deaconess refused to do this.
In August 1996, Thomson filed a complaint alleging breach of contract and tortious interference with contract. The cause proceeded to a jury trial in November 1997. Following the trial, the court entered judgment in favor of Deaconess on both claims. This appeal followed.
In his first assignment of error, Dr. Thomson contends that the lower court erred by denying his motion for a new trial, because the jury's answer to an interrogatory was contrary to the undisputed evidence. Specifically, Dr. Thomson maintains that "the jury, in answer to interrogatory 4, found that Thomson and Deaconess did not enter a separate contract regarding provision of medical services at Brown County [Hospital]."
This argument is without merit, as Dr. Thomson simply misstates the contents of the record. Seven members of the jury answered "yes" to the following question in interrogatory number four: "Do six or more of you find from a preponderance of the evidence that the plaintiff and the defendant entered into a separate contract regarding the provision of medical services at Brown County Hospital?" The denial of relief on the contract claim was predicated on the jury's finding that Deaconess had not breached the contract, a finding not challenged on appeal. Because Dr. Thomson has failed to demonstrate the error of which he complains, the first assignment of error is overruled.
In his second assignment of error, Dr. Thomson asserts that the lower court erred by limiting his cross-examination of a defense witness, Victor Ribaudo. We disagree.
It is well settled that the trial court is vested with broad discretion in limiting the scope of cross-examination, and its decision concerning such matters will not be reversed absent an abuse of discretion.[2] An abuse of discretion connotes more than a mere error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.[3]
Dr. Thomson maintains under this assignment that the lower court unreasonably limited both the scope and the length of his cross-examination of Ribaudo to accommodate Ribaudo's schedule. But our review of the record convinces us that the lower court's ruling did not manifest an unreasonable, arbitrary or unconscionable attitude. The record reveals that the lower court merely limited the inquiry of Dr. Thomson's trial counsel to the relevant issues and demonstrates that counsel was permitted to conduct a thorough inquiry into the issues that the jury was to decide. In any event, Dr. Thomson did not specify in the trial court what additional matters he sought to pursue in cross-examination and has not done so on appeal. Thus, he has failed to demonstrate prejudicial error, and we overrule the second assignment of error.
In his third and final assignment of error, Dr. Thomson contends the lower court erred by directing a verdict in favor of Deaconess on his claim for tortious interference with a contract. We find no error in the trial court's ruling.
We first note that the trial court did not specifically enter a directed verdict on the tortious-interference claim. Instead, it apparently concluded that the tort claim was subsumed in the breach-of-contract claim and for that reason refused to instruct the jury as to the separate cause of action for tortious interference. Nevertheless, the trial court's ruling had the same practical effect as the granting of a motion for directed verdict as to that claim, and we review its decision accordingly.
The question to be resolved on a motion for directed verdict is whether, construing the evidence in a light most favorable to the nonmoving party, reasonable minds can only conclude in favor of the moving party.[4] Only when that question can be answered in the affirmative is the granting of the motion proper.[5]
To recover on a claim for intentional or tortious interference with a contract, the plaintiff must prove (1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of a breach of that contract, (4) lack of justification, and (5) damages.[6]
Dr. Thomson begins his argument with the proposition that there was unquestionably a contract between him and Deaconess. He then cites several circumstances that allegedly give rise to the conclusion that Deaconess interfered with that contractual relationship.
We agree with Deaconess that Dr. Thomson's argument is conceptually flawed. The case law regarding tortious interference makes it abundantly clear that the tort involves the interference with a contract between the plaintiff and a third party, not a contract between plaintiff and defendant. As the Ohio Supreme Court has stated, "[t]he torts of interference with business relationships and contract rights generally occur when a person, without privilege to do so, induces or otherwise purposely causesa third person not to enter into or continue a business relation with another, or not to perform a contract with another."[7]
Thus, the focus of our inquiry must be Deaconess's asserted interference with the contractual relationship between Dr. Thomson and his patients.
Narrowing our focus to this issue, we hold that the trial court properly granted what amounted to a directed verdict in Deaconess's favor. Dr. Thomson concedes that any contractual relationship between him and his patients was terminable at will. Under Ohio law, any interference with a contract that is terminable at will "is primarily an interference with the future relation between the parties, and the plaintiff has no legal assurance of them. As for the future hopes, he has no legal right but only an expectancy; and when the contract is terminated by choice of the third person there is no breach of it."[8]
Thus, even had Dr. Thomson demonstrated that Deaconess's actions had interfered with his business relationship with his patients, he could demonstrate no violation of a legally protected interest. Under these circumstances, the granting of a directed verdict was proper, and the third assignment of error is overruled.
Having overruled each of Dr. Thomson's assignments of error, we hereby affirm the judgment of the trial court.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment affirmed.
Doan, P.J., Hildebrandt and Painter, JJ.
To the Clerk:
Enter upon the Journal of the Court on February 19, 1999 per order of the Court _______________________________.
Presiding Judge
[1] The claims against the individual defendants were disposed of upon summary-judgment proceedings. Thus, the only appellee is Deaconess, as Thomson has not appealed the granting of summary judgment in favor of the individual defendants.
[2] O'Brien v. Angley (1980), 63 Ohio St.2d 159, 163,407 N.E.2d 490, 493.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, 1142.
[4] Shepherd v. Westlake (1991), 76 Ohio App.3d 3, 11,600 N.E.2d 1095, 1100.
[5] Id.
[6] Kenty v. Transamerica Premium Ins. Co. (1996), 72 Ohio St.3d 415,650 N.E.2d 863.
[7] AB-Abell Elevator v. Columbus/Central Ohio Bldg. Constr.Trades Council (1995), 73 Ohio St.3d 1, 14, 651 N.E.2d 1283, 1294(emphasis added).
[8] Hoyt, Inc. v. Gordon Assoc., Inc. (1995), 104 Ohio App.3d 598,612, 662 N.E.2d 1088, 1097, quoting 4 Restatement of the Law 2d, Torts (1979), 44, Section 768, Comment i.