This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Cynthia R. Bailey, appeals the decision of the Summit County Court of Common Pleas, entering summary judgment in favor of appellees, Priyanka Inc. and Joseph P. Gadd. We affirm in part and reverse in part.
 I.
In July 1998, Cynthia Bailey began her employment with Priyanka, acting as the director of sales for Priyanka's Best Western Hotel, located in Copley Township, Summit County, Ohio. Joseph Gadd was the general manager of the hotel and Ms. Bailey's immediate supervisor. On March 26, 1999, another hotel employee, Joel Grossenbacher, brought two suitcases into the office where Ms. Bailey was working. He had found the unclaimed suitcases in the hotel. One of the suitcases contained several small bags of marijuana. According to Ms. Bailey, Mr. Gadd removed a few of the bags of marijuana, gave Mr. Grossenbacher one bag, and placed the other bags in an armoire drawer. Mr. Gadd maintains that he placed the marijuana in the drawer to preserve the evidence in the event that the owner of the suitcases returned before the police arrived.[1] Mr. Gadd then called the police.
Mr. Gadd related that when he learned that the police were en route to the hotel, he returned all of the marijuana, including the marijuana in the armoire drawer, to the suitcase and gave it to the police when they arrived. Mr. Gadd stated that Ms. Bailey was not present at that time, and therefore, did not witness Mr. Gadd returning the marijuana to the suitcase. On the other hand, Ms. Bailey testified during her deposition that she looked into the armoire drawer after the police had arrived and the marijuana was still in the drawer. Accordingly, Ms. Bailey reported Mr. Gadd's and Mr. Grossenbacher's conduct to the police and cooperated with the police investigation into the incident. Mr. Gadd was arrested a few days later on March 30, 1999 and was subsequently indicted with tampering with evidence and possession of marijuana. The prosecution eventually dismissed the charges against Mr. Gadd.
According to Ms. Bailey, on March 31, 2001, Mr. Gadd contacted her from jail. At that time, he allegedly told her to take her personal belongings and leave the premises. Ms. Bailey believed that Mr. Gadd had terminated her employment with Priyanka. Mr. Gadd denies having discharged Ms. Bailey and testified that he had invited her to return to work a short time later. There was evidence that Ms. Bailey was emotionally distraught as a result of her apparent termination. Additionally, Ms. Bailey testified that she was unable to find employment for a period of time.
Ms. Bailey filed a complaint in the Summit County Court of Common Pleas, asserting a claim for wrongful discharge in violation of public policy against Priyanka and a claim of civil conspiracy against both Priyanka and Mr. Gadd.[2] The trial court gave the parties leave to file motions for summary judgment until November 30, 2000. The responses to such motions were due on December 20, 2000. After substantial discovery, Priyanka and Mr. Gadd filed motions for summary judgment on November 30, 2000. On December 20, 2000, Ms. Bailey filed a brief in opposition to Priyanka's and Mr. Gadd's motions for summary judgment. In her brief, Ms. Bailey moved the trial court, "pursuant to Civ.R. 56(F), for additional time to provide an expert's affidavit on the question of the present value of [Ms. Bailey's] lost or impaired future earning capacity, her lost benefits of employment and any other lost income." Ms. Bailey, however, maintained that even without the expert affidavit, she had presented evidence of damages sufficient to withstand summary judgment. Priyanka and Mr. Gadd opposed Ms. Bailey's request for additional time pursuant to Civ.R. 56(F). On January 9, 2001, Ms. Bailey filed the affidavit of her damages expert, John F. Burke, Jr., Ph.D. On January 10, 2001, the trial court denied Ms. Bailey's Civ.R. 56(F) motion for additional time and did not consider the expert affidavit in ruling on the motions for summary judgment. In a judgment journalized on January 11, 2001, the trial court entered summary judgment in favor of Priyanka and Mr. Gadd on all claims. This appeal followed.
 II.
Ms. Bailey asserts four assignments of error. We will discuss each in due course, consolidating the first and third assignments of error to facilitate review.
 Standard of Review
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992),80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists.Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 A. First Assignment of Error The trial court erred as a matter of law in granting Defendant-Appellee's motion for summary judgment on Plaintiff-Appellant's claim for wrongful discharge in violation of public policy.
 Third Assignment of Error The trial court erred in holding that Plaintiff-Appellant had not provided evidence of damages sufficient to withstand summary judgment.
In her first assignment of error, Ms. Bailey contends that the trial court erred in entering summary judgment against her on her wrongful discharge in violation of public policy claim ("Greeley claim"). Specifically, Ms. Bailey asserts that the trial court erred when it held that she failed to state a valid Greeley claim based upon the public policy favoring reporting criminal activity and cooperating with law enforcement authorities.[3] Additionally, in her third assignment of error, Ms. Bailey argues that the trial court erred in holding that she had not created a genuine issue of material fact as to damages. These assignments of error are well-taken.
In Greeley v. Miami Valley Maintenance Contrs., Inc. (1990),49 Ohio St.3d 228, paragraphs one, two, and three of the syllabus, Ohio recognized an exception to the employment-at-will doctrine when an at-will employee is discharged for a reason that contravenes clear public policy. To establish a claim for tortious wrongful discharge in violation of public policy (or "Greeley claim"), four-elements must be satisfied:
 "1. That [a] clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the clarity element).
 2. That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the jeopardy element).
 3. The plaintiff's dismissal was motivated by conduct related to the public policy (the causation element).
 4. The employer lacked overriding legitimate business justification for the dismissal (the overriding justification element)." (Emphasis sic.)
Painter v. Graley (1994), 70 Ohio St.3d 377, 384, fn. 8, quoting H. Perritt, The Future of Wrongful Dismissal Claims: Where Does Employer Self Interest Lie? (1989), 58 U.Cin.L.Rev. 397, 398-99 (reaffirmed inKulch v. Structural Fibers, Inc. (1997), 78 Ohio St.3d 134, 150-51). The clarity and jeopardy elements are questions of law to be determined by the court, while the causation and overriding justification elements are questions of fact for the trier of fact. Kulch, 78 Ohio St.3d at 151. We review questions of law de novo. Nationwide Mut. Fire Ins. Co. v. GumanBros. Farm (1995), 73 Ohio St.3d 107, 108.
In the case sub judice, Ms. Bailey asserts that the trial court erred in holding that she had not stated a valid Greeley claim based upon the public policy favoring reporting crimes and cooperating with law enforcement, which is embodied in Ohio's criminal statutes and the common law. She directs our attention to three criminal statutes to support her contention that Ohio has a strong public policy favoring reporting criminal activity and cooperating with law enforcement officials, namely R.C. 2921.22(A)("[f]ailure to report a crime or knowledge of a death or burn injury"), R.C. 2921.23(A)("[f]ailure to aid a law enforcement officer"), and R.C. 2921.31(A)("[o]bstructing official business"). In addition, Ms. Bailey relies heavily on this court's holding in McKnightv. Goodwill Industries of Akron, Inc. (Sept. 6, 2000), Lorain App. No. 99CA007504, unreported.
In McKnight, this court held that Ohio has a clear public policy in favor of reporting crimes and that an employee's dismissal for reporting possible criminal conduct of another employee while at work would jeopardize that public policy. Id. at 11. Thus, this court found that the plaintiffs had satisfied the clarity and jeopardy elements for a Greeley
claim. Id. Priyanka attempts to distinguish McKnight on the basis that Ms. Bailey brought her Whistleblower claim under R.C. 4113.52(A)(3) while the plaintiffs in McKnight brought their Whistleblower claim under R.C.4113.52(A)(1). The argument follows that as those two sections of R.C.4113.52 cover different whistleblowing situations and have distinct reporting requirements, the holding in McKnight is inapplicable to the present case. Initially, we note that the McKnight plaintiffs brought their claim under the Whistleblower statute pursuant to R.C. 4113.51 etseq. and did not specifically limit their claim as one under R.C.4113.52(A)(1). Id. at 3. Moreover, this court's holding in McKnight,
regarding the common law-based Greeley claim, was not limited to R.C.4113.52(A)(1); rather, this court more broadly addressed the plaintiff's Whistleblower claim as one under "R.C. 4113.51 et seq." and this court's holding reflected that fact. Id. at 10. Consequently, we do not find Priyanka's argument persuasive. Accordingly, based upon our holding inMcKnight, we find that Ms. Bailey has satisfied the clarity and jeopardy elements of a Greeley claim.
Next, we must ask whether Ms. Bailey's dismissal was motivated by conduct relating to the public policy and whether Priyanka possessed an overriding legitimate business justification for the dismissal. See id. at 11. We find that Ms. Bailey has created a genuine issue of material fact for trial on the issue of whether she was discharged for reporting Mr. Gadd's allegedly criminal behavior to the police and for cooperating with law enforcement officials during their investigation of Mr. Gadd. In her deposition, Ms. Bailey testified that shortly after Mr. Gadd was arrested on charges stemming from the incident, Mr. Gadd told her to "[t]ake [her] personal belongings and leave the premises." Consequently, Ms. Bailey believed that she had been discharged. On the other hand, Priyanka and Mr. Gadd deny ever discharging Ms. Bailey and present evidence that Ms. Bailey was asked to return to work after this conversation. Nevertheless, when the evidence is viewed most strongly in favor of Ms. Bailey, a reasonable jury could conclude that she had been terminated for reporting Mr. Gadd to law enforcement.
Lastly, contrary to appellees' assertions, Ms. Bailey has adduced evidence of damages sufficient to withstand summary judgment. Specifically, Ms. Bailey testified in her deposition that after her alleged termination by Priyanka, she was unable to find suitable employment for a period of time, thereby losing income. Based on the foregoing, we conclude that the trial court improperly granted summary judgment on Ms. Bailey's wrongful discharge in violation of public policy claim. Ms. Bailey's first and third assignments of error are sustained.
 B. Second Assignment of Error The trial court erred in granting the Defendant-Appellees' motions for summary judgment on Plaintiff-Appellant's claim for civil conspiracy.
In her second assignment of error, Ms. Bailey avers that the trial court erred in granting summary judgment in favor of Priyanka and Mr. Gadd on her civil conspiracy claim. We disagree.
The tort of civil conspiracy is "`a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages.'" Kenty v.Transamerica Premium Ins. Co. (1995), 72 Ohio St.3d 415, 419, quotingLeFort v. Century 21-Maitland Realty Co. (1987), 32 Ohio St.3d 121, 126. Additionally, "[a]n underlying unlawful act is required before a civil conspiracy claim can succeed." Williams v. Aetna Fin. Co. (1998),83 Ohio St.3d 464, 475; see, also, Gosden v. Louis (1996),116 Ohio App.3d 195, 219.
In the present case, Ms. Bailey asserts that Mr. Gadd conspired with his employer, Priyanka, to discharge her in contravention of Ohio's public policy favoring reporting crimes. Generally, when a plaintiff is alleging that an employee/agent conspired with his or her employer, the plaintiff must show that the employee was acting outside the course and scope of his corporate position in order to maintain a valid civil conspiracy claim. Tandem Staffing v. ABC Automation Packing, Inc. (June 7, 2000), Summit App. No. 19774, unreported, at 16, quoting Scanlon v.Gordon F. Stofer Bro. Co. (June 22, 1989), Cuyahoga App. Nos. 55467, 55472, unreported, 1989 Ohio App. LEXIS 2528, at *44 (stating that "`an officer or agent of a corporation is immune from suit for civil conspiracy only when acting within the course and scope of his corporate position'"). Here, the trial court granted Priyanka and Mr. Gadd summary judgment on Ms. Bailey's civil conspiracy claim, holding that Mr. Gadd acted within the scope of his employment as general manager when he discharged Ms. Bailey. We agree.
To satisfy their Dresher burden on this matter, Priyanka and Mr. Gadd presented evidence that Mr. Gadd was a Priyanka employee, the general manager of the hotel, and Ms. Bailey's immediate supervisor. As general manager, Mr. Gadd was responsible for hiring and discharging Priyanka employees who worked at the hotel. As Priyanka and Mr. Gadd presented evidence demonstrating that Mr. Gadd acted within the scope of his employment in discharging Ms. Bailey, it became incumbent upon Ms. Bailey to point to some evidence of the type listed in Civ.R. 56(C) to show that Mr. Gadd exceeded the scope of his authority when he terminated her employment with Priyanka. See Tandem Staffing, supra, at 16.
In her brief in opposition to summary judgment, Ms. Bailey argued that Mr. Gadd and others associated with Priyanka participated in a cover-up to hide the fact that Mr. Gadd and another employee had stolen the marijuana. She further averred that Mr. Gadd terminated Ms. Bailey in order to cover-up his criminal conduct as well as in retaliation for her cooperation with law enforcement officials. Ms. Bailey, however, failed to point to portions of the record supporting these allegations in her brief in opposition to summary judgment. Consequently, we conclude that Ms. Bailey has failed to create a genuine issue of material fact regarding the issue of whether Mr. Gadd acted outside the course and scope of his corporate position when he discharged Ms. Bailey. Accordingly, we find that the trial court properly granted summary judgment in favor of Priyanka and Mr. Gadd on the civil conspiracy claim. Ms. Bailey's second assignment of error is overruled.
 C. Fourth Assignment of Error The trial court erred in refusing to admit into evidence Plaintiff-Appellant's expert's affidavit and report.
In her fourth assignment of error, Ms. Bailey complains that the trial court erred in refusing to consider the affidavit of her expert, in which her expert attested to the amount of damages sustained by Ms. Bailey as a result of appellees' conduct. Ms. Bailey, however, submitted the expert's affidavit after the deadlines for filing briefs on summary judgment had expired and after the briefs had been submitted by the parties.
In our disposition of Ms. Bailey's first and third assignments of error, we found that there was a genuine issue of material fact for trial regarding damages. In reaching the aforementioned determination, it was unnecessary for this court to rely on the expert affidavit, as there was other evidence in the record which created a genuine issue of material fact on the issue of damages. Consequently, we need not address the merits of this assignment of error, as it has been rendered moot by our disposition of the first and third assignments of error. See App.R. 12(A)(1)(c).
 III.
Ms. Bailey's first and third assignments of error are sustained. Her second assignment of error is overruled. Her fourth assignment of error has been rendered moot by our disposition of the first and third assignments of error. Accordingly, the decision of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
WILLIAM G. BATCHELDER, BAIRD, J., WHITMORE, J. CONCUR.
[1] According to Mr. Gadd, the owner of the suitcases later returned to the hotel and demanded the suitcases. Mr. Gadd activated a videotaping system, thereby aiding the police in the capture and arrest of the suitcase owner.
[2] Other parties were named as defendants and other claims were asserted; however, these parties were dismissed and the claims were resolved in due course.
[3] On appeal, Ms. Bailey does not challenge the trial court's determination that she failed to comply with the procedural requirements of the Whistleblower Statute, R.C. 4113.52, and therefore, could not bring a Greeley claim based upon the public policy embodied in R.C.4113.52. Accordingly, we will not address this issue.