*286 Lanzinger, J.,
dissenting.
{¶ 34} I respectfully dissent from the majority’s holding that “state-law causes of action for misconduct committed by a litigant during a bankruptcy court proceeding” are preempted by the Bankruptcy Code. I would hold that Alfa Laval has not borne its burden to show that the state-law claims for abuse of process and tortious interference with contract have been preempted by federal law.
{¶ 35} The majority concludes, as did the court of appeals, that by implication, Congress intended that the Bankruptcy Code would completely preempt state-law tort claims that seek a remedy for violations of bankruptcy procedure. But the United States Supreme Court has held that “because the States are independent sovereigns in our federal system, we have long presumed that Congress does not cavalierly pre-empt state-law causes of action.” Medtronic, Inc. v. Lohr (1996), 518 U.S. 470, 485, 116 S.Ct. 2240, 135 L.Ed.2d 700; see also Bates v. Dow Agrosciences, L.L.C. (2005), 544 U.S. 431, 449, 125 S.Ct. 1788, 161 L.Ed.2d 687.
{¶ 36} Indeed, in a recent United States Supreme Court opinion, the court articulated a restrictive view of the authority of bankruptcy courts to enter certain final orders and explained that there are times when they must abstain in state matters. “[T]he framework Congress adopted in the 1984 Act already contemplates that certain state law matters in bankruptcy cases will be resolved by judges other than those of the bankruptcy courts. Section 1334(c)(2), for example, requires that bankruptcy courts abstain from hearing specified non-core, state law claims that ‘can be timely adjudicated}] in a State forum of appropriate jurisdiction.’ Section 1334(c)(1) similarly provides that bankruptcy courts may abstain from hearing any proceeding, including core matters, ‘in the interest of comity with State courts or respect for State law.’ ” Stern v. Marshall (2011), 564 U.S.-,-, 131 S.Ct. 2594, 2619-2620, 180 L.Ed.2d 475.
{¶ 37} Ohio recognizes both tortious interference with a contract and abuse of process as torts, and in my view, in a case in which neither party is the bankruptcy debtor and in which resolution of the litigation will not affect the bankruptcy estate, the state-court claims are not preempted by the federal bankruptcy law.

Preemption Standard

{¶ 38} As the majority explains, the key to the preemption inquiry is the intent of Congress. Medtronic, 518 U.S. at 485, 116 S.Ct. 2240, 135 L.Ed.2d 700 (the purpose of Congress is the ultimate touchstone in every preemption case). But there is also a well-established presumption against imputing to Congress an intention to preempt an area that traditionally has been left to state regulation. *287 See Jones v. Rath Packing Co. (1977), 430 U.S. 519, 525, 97 S.Ct. 1305, 51 L.Ed.2d 604.
{¶ 39} Both torts that are claimed here cover areas that have been a matter of state regulation.

The Tortious-Interference Claim

{¶ 40} We first recognized the tort of tortious interference with a contract in Kenty v. Transamerica Premium Ins. Co. (1995), 72 Ohio St.3d 415, 650 N.E.2d 863. “The elements of the tort of tortious interference with contract are (1) the existence of a contract, (2) the wrongdoer’s knowledge of the contract, (3) the wrongdoer’s intentional procurement of the contract’s breach, (4) lack of justification, and (5) resulting damages.” Fred Siegel Co., L.P.A. v. Arter & Hadden (1999), 85 Ohio St.3d 171, 707 N.E.2d 853, paragraph one of the syllabus. We also noted that the establishment of the fourth element of the tort, i.e., lack of justification, requires proof that the defendant’s interference with another’s contract was improper. Id. at 176.
{¶ 41} In this case, the elements of the state-law claim of tortious interference with a contract arose before the filing and therefore encompass more than just a cause of action over improper bankruptcy.

The Abuse-of-Process Claim

{¶ 42} In Ohio, the elements of the tort of abuse of process are “(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process.” Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A. (1994), 68 Ohio St.3d 294, 626 N.E.2d 115, paragraph one of syllabus.
{¶ 43} “In an abuse of process case, ‘[t]he improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club.’ Prosser & Keeton on Torts (5 Ed.1984) 898, Section 121. Simply, abuse of process occurs where someone attempts to achieve through use of the court that which the court is itself powerless to order.” Robb v. Chagrin Lagoons Yacht Club, Inc. (1996), 75 Ohio St.3d 264, 271, 662 N.E.2d 9.
{¶ 44} Moreover, the “legal proceeding” need not be within a state-court action. See Tilberry v. McIntyre (1999), 135 Ohio App.3d 229, 733 N.E.2d 636 (abuse of process alleged in seeking sanctions in federal court); White v. Goodman (Jan. 4, 2001), 3d Dist. No. 9-2000-63, 2001 WL 9848 (abuse of process alleged in seeking reopening of bankruptcy case). Here, the cause of action is brought after the *288 fact for allegedly improper actions taken by a nondebtor against another non-debtor.

Bankruptcy Court Jurisdiction

{¶ 45} I believe that Congress’s intent was not to totally preempt state-law claims of the type asserted in this case. The design of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, 98 Stat. 333, recognizes the interests of the states in setting forth the jurisdictional considerations in bankruptcy cases.[1] First, it established that the federal district court has jurisdiction over all cases under Title 11 and in “all civil proceedings arising under title 11, or arising in or related to cases under title 11.” Section 1334(a) and (b), Title 28, U.S.Code. The district court, in turn, may refer “any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11” to the bankruptcy court. Section 157(a), Title 28, U.S.Code. Under Section 1334(b), state courts retain jurisdiction over certain state-law causes of action. While district courts have “original and exclusive jurisdiction of all cases under title 11” (emphasis added), Section 1334(a), “the *289 district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11” (emphasis added), Section 1334(b). Furthermore, Congress instructed that bankruptcy courts should abstain from hearing certain state-law claims that are “related to” a case under Title 11 and can be timely adjudicated in state court. Section 1334(c)(2), Title 28, U.S.Code.
{¶ 46} Claims that arise under Title 11 or arise in or are related to a case under Title 11 are not necessarily preempted, for Congress has indicated that state courts retain concurrent jurisdiction in these matters. Generally, proceedings arising under Title 11 and proceedings arising in a case under Title 11 are referred to as “core” proceedings, whereas proceedings “related to” a case under Title 11 are referred to as “noncore” proceedings. See In re Resorts Internatl., Inc. (C.A.3, 2004), 372 F.3d 154, 162, citing 1 Collier on Bankruptcy (15th Ed.Rev.2003) 3-35, ¶ 3.02[2].
{¶ 47} A claim “arises in” a case under the Bankruptcy Code only if the claim would have “no existence outside of the bankruptcy.” In re Riverside Nursing Home (S.D.N.Y.1992), 144 B.R. 951, 955; see also In re Seven Fields Dev. Corp. (C.A.3, 2007), 505 F.3d 237, 260, quoting Stoe v. Flaherty (C.A.3, 2006), 436 F.3d 209, 218 (explaining that “ ‘claims that “arise in” a bankruptcy case are claims that by their nature, not their particular factual circumstance, could only arise in the context of a bankruptcy case’ ”).
{¶ 48} In this case, to be sure, the bankruptcy matter served as the vehicle for these tort actions to arrive in state court. However, claims such as this brought by a nondebtor against a nondebtor are not claims that by their nature could arise only in the context of a bankruptcy case. To the contrary, they are often brought and adjudicated in state court. On the other hand, a bankruptcy court has “related to” jurisdiction over an adversary proceeding if the proceeding “might have any ‘conceivable effect’ on the bankruptcy estate.” In re Cuyahoga Equip. Corp. (C.A.2, 1992), 980 F.2d 110, 114.
{¶ 49} The cases cited by the majority are generally those in which a debtor has filed a state-law tort claim as a result of the alleged improper bankruptcy idling — a core proceeding. MSR Exploration, Ltd. v. Meridian Oil, Inc. (C.A.9, 1996), 74 F.3d 910 (debtor sued creditor in state court for malicious prosecution due to bankruptcy). But that is not the case here.

Appellants’ claims are noncore and are unrelated to the bankruptcy estate

{¶ 50} This is not a debtor’s action that asserts improper filing of an involuntary-bankruptcy petition. The debtor, Girton, Oakes & Burger, Inc., is not a party to the state litigation. There is no dispute that all litigants — appellants, *290 Ronald Creatore and PNH, Inc., and appellee, Alfa Laval Flow, Inc., were nondebtors.
{¶ 51} It is undisputed that the three individuals, Creatore, David Barnitt, and William Sayavich, who formed a holding company to buy GO & B stock, had a noncompetition confidentiality agreement among themselves. Allegedly, Barnitt and Sayavich, disgruntled over their termination by Creatore, contacted Alfa Laval and at its behest and in violation of the contract’s confidentiality provisions, of which Alfa Laval allegedly was aware, disclosed confidential information to it.
{¶ 52} Appellants based their tortious-interference claim on Alfa Laval’s alleged prepetition solicitation of confidential information and claimed that they were damaged when Alfa Laval attempted to use this information to prevent them from competing by bringing them into the bankruptcy through the adversarial complaint. As the order of the bankruptcy judge noted, “Debtor Girton, Oakes & Burger (‘Debtor’) is not a party to the State Court Case, and the State Court Case does not affect any property of the estate.” The claims do not involve the debtor and do not implicate the estate.

Uniformity of Bankruptcy Law

{¶ 53} The majority holds that the state-law causes of action in this case are preempted due to the concern that allowing separate state-law remedies would impermissibly disrupt the uniformity of bankruptcy laws. But this case involves only nondebtors; therefore, the danger to the uniformity of the bankruptcy law is minimal. Also, the actions that gave rise to the claim of tortious interference with a contract occurred before the involuntary-bankruptcy petition was filed. Therefore, it is doubtful that the resolution of this claim will involve interpretation of bankruptcy law.
{¶ 54} Even if some interpretation of bankruptcy law is involved, that does not mean that uniformity of the bankruptcy law will be disrupted. As the Texas Supreme Court recently stated, “[t]he uniformity argument for preemption is not triggered by the mere fact that a claim requires state courts to interpret federal bankruptcy law.” Graber v. Fuqua (2009), 279 S.W.3d 608, 619. Although the Constitution grants Congress the authority to enact bankruptcy laws that are uniform throughout the United States, Clause 4, Section 8, Article I, the United States Supreme Court has recognized that the uniformity requirement should not be treated as a straitjacket. Ry. Labor Executives’ Assn. v. Gibbons (1982), 455 U.S. 457, 469, 102 S.Ct. 1169, 71 L.Ed.2d 335. Rather, “[a] bankruptcy law may be uniform and yet ‘may recognize the laws of the State in certain particulars, although such recognition may lead to different results in different States.’ ” Id., quoting Stellwagen v. Glum (1918), 245 U.S. 605, 613, 38 S.Ct. 215, 62 L.Ed. 507. Because Congress has not chosen to enact laws that entirely eliminate the different state-law claims that could provide remedies for misconduct in bank *291 ruptcy proceedings between nondebtors, the state-law claims in this matter should not be considered preempted.
Witschey, Witschey & Firestine Co., L.P.A., Jeffrey T. Witschey, Alex J. Ragon, and Betsy L.B. Hartschuh, for appellants.
Hanna, Campbell & Powell, L.L.P., James M. Lyons Jr., Robert L. Tucker, and Frank G. Mazgaj, for appellee.
Conclusion
{¶ 55} In ruling that there is preemption by implication in this case, the majority fails to give weight to the Bankruptcy Code’s language regarding the concurrent jurisdiction of state courts. In my view, rather than cede power to federal courts by saying that these state-law tort claims are completely preempted, we should allow these cases to stand on their own in state court.
{¶ 56} Because I do not believe that our sovereign state law should be broadly relinquished to the federal courts solely upon an implication of preemption, I respectfully dissent.
Cupp, J., concurs in the foregoing opinion.

. {¶ a} Section 1334, Title 28, U.S.Code, provides in full:
{11b} “(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
{¶ c} “(b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.
{¶ d} “(c)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
{¶ e} “(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.
{¶ f} “(d) Any decision to abstain or not to abstain made under subsection (c) (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not renewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title. Subsection (c) and this subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.
{¶ g} “(e) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction—
{¶ h} “(1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate; and
{¶ i} “(2) over all claims or causes of action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements under section 327.”