KLATT, J., concurring in part and dissenting in part.
 

 {¶ 34} I concur with all sections of the majority decision except for the section addressing Long's claim for intentional interference with contract. I respectfully dissent from that section because I believe
 the majority's analysis contravenes binding precedent from the Supreme Court of Ohio.
 

 {¶ 35} Traditionally, to prove tortious interference with contract, a plaintiff merely had to establish intentional interference. 3 Dobbs, Hayden, & Bublick,
 
 The Law of Torts
 
 , Section 620, at 510 (2d Ed. 2011). The defendant, then, "could escape liability only by showing a privilege and shouldering the burden of justifying the interference."
 

 Id.
 

 ;
 
 accord
 

 Juhasz v. Quik Shops, Inc.
 
 ,
 
 55 Ohio App.2d 51
 
 , 56-58,
 
 379 N.E.2d 235
 
 (9th Dist. 1977). When recognizing the tort of intentional interference with contract, the Supreme Court of Ohio structured the tort differently. The court allocated to the plaintiff the burden to prove "lack of justification," thus removing from the defendant the burden to plead or prove a privilege in order to avoid liability.
 
 Kenty v. Transamerica Premium Ins. Co.
 
 ,
 
 72 Ohio St.3d 415
 
 ,
 
 650 N.E.2d 863
 
 (1995), paragraph two of the syllabus. Later, in expanding upon
 
 Kenty
 
 , the Supreme Court clarified that, to show a lack of justification, the plaintiff had to prove that the defendant's interference was improper.
 
 Fred Siegel Co., L.P.A. v. Arter & Hadden
 
 ,
 
 85 Ohio St.3d 171
 
 ,
 
 707 N.E.2d 853
 
 (1999), paragraph two of the syllabus. Determining whether a defendant has acted improperly requires consideration of the factors set forth in Section 767 of the Restatement (Second) of Torts.
 
 Id.
 
 at 178,
 
 707 N.E.2d 853
 
 . Those factors are:
 

 (a) the nature of the actor's conduct,
 

 (b) the actor's motive,
 

 (c) the interests of the other with which the actor's conduct interferes,
 

 (d) the interests sought to be advanced by the actor,
 

 (e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other,
 

 (f) the proximity or remoteness of the actor's conduct to the interference and
 

 (g) the relations between the parties.
 

 Restatement of the Law 2d, Torts, Section 767 (1979).
 

 {¶ 36} Importantly, the factors now used to determine whether a defendant has engaged in improper conduct largely mirror those considerations previously used to decide whether a defendant's conduct was privileged.
 
 Compare
 
 Restatement of the Law, Torts, Factors in Determining Privilege, Section 767
 
 to
 
 Restatement of the Law 2d, Torts, Factors in Determining Whether Interference Is Improper, Section 767. This is logical, as contemporary law has merely switched the burden of pleading and proving justification from the defendant, who once had the burden of establishing a privilege, to the plaintiff, who now has the burden of showing improper conduct. Although the burden shifted, the considerations underlying it remain the same.
 

 {¶ 37} In shaping the tort of intentional interference with contract, the Supreme Court did not ignore the specific, established qualified privileges, such a fair competition, that developed under the traditional construction of the tort. Rather, the Supreme Court accommodated and continued certain former qualified privileges, which are set out in Sections 768 to 773 of the Restatement (Second) of Torts. Where a defendant's conduct falls within the one of the special situations dealt with in Sections 768 to 773, a factfinder need not balance the factors set forth in Section 767 to determine if the conduct is improper.
 
 Fred Siegel
 
 at 179,
 
 707 N.E.2d 853
 
 . Instead, "[t]he specific applications in [Sections 768 to 773] [ ] supplant the generalization expressed in [ Section 767 ]."
 

 Restatement, Section 767, Comment a.
 
 [4]
 

 {¶ 38} Unfortunately, in Ohio, the evolution of the tort of intentional interference with contract has not proceeded smoothly. In
 
 Kenty
 
 and
 
 Fred Siegel
 
 , the Supreme Court endorsed the modern construction of the tort, which makes consideration of justification (or the lack thereof) a prima facie element. However, in the period between the issuance of
 
 Kenty
 
 and
 
 Fred Siegel
 
 , the Supreme Court of Ohio appeared to revert to the traditional privilege formulation of the tort.
 
 A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council
 
 ,
 
 73 Ohio St.3d 1
 
 , 14,
 
 651 N.E.2d 1283
 
 (1995) (stating that the tort of interference with contract occurs "when a person, without a privilege to do so, induces or otherwise purposely causes a third person * * * not to perform a contract with another"). Confusingly,
 
 A & B-Abell
 
 did not mention, much less overrule,
 
 Kenty
 
 . When the Supreme Court subsequently decided
 
 Fred Siegel
 
 , it affirmed and followed
 
 Kenty
 
 without distinguishing or overruling
 
 A & B-Abell
 
 .
 

 {¶ 39} As the most recent Supreme Court decision addressing the tort of intentional interference with contract,
 
 Fred Siegel
 
 remains the prevailing law in Ohio today.
 
 See
 

 State v. Thomas
 
 , 8th Dist. No. 103406,
 
 2016-Ohio-8326
 
 ,
 
 2016 WL 7427410
 
 , ¶ 12 ("[W]hen Supreme Court cases are in apparent conflict, the court of appeals is bound by the Supreme Court's most recent decision, regardless of its previous decision."). The majority decision, however, applies the formulation of the tort laid out in
 
 A & B-Abell
 
 . Under that formulation, to avoid liability, the defendant must raise a qualified privilege, which the plaintiff may overcome by showing that the defendant acted with actual malice.
 
 A & B-Abell
 
 at 14,
 
 651 N.E.2d 1283
 
 ."Actual malice" is defined as "an unjustified or improper interference."
 
 [5]
 

 Walter v. ADT Sec. Sys., Inc.
 
 , 10th Dist. No. 06AP-115,
 
 2007-Ohio-3324
 
 ,
 
 2007 WL 1874247
 
 , ¶ 33 (defining "actual malice" in the context of a claim for intentional interference with a business relationship). Thus, in the majority decision, justification is not a prima facie element of the tort, but rather, part of the privilege analysis. Application of this formulation of the tort contravenes
 
 Fred Siegel
 
 .
 

 {¶ 40} I would sustain Long's fourth assignment of error and reverse the trial court's decision because the trial court failed to apply the tort as
 
 Fred Siegel
 
 has formulated it. The trial court concluded that Mount Carmel's actions were not improper without acknowledging, much less considering, the necessary factors. A determination of whether the alleged interference is improper requires "an appraisal of the several factors and an evaluation of their comparative weight." Restatement, Section 767, Comment a. Thus, a trial court errs if it grants summary judgment without considering each of the factors set forth in Section 767.
 
 [6]
 

 Paramount Farms Internatl., LLC v. Ventilex B.V.
 
 ,
 
 2016-Ohio-1150
 
 ,
 
 61 N.E.3d 702
 
 , ¶ 40. For this reason, I respectfully concur in part and dissent in part.
 

 None of these sections are relevant to this case because no party has claimed that any of the sections apply. The qualified privilege that Mount Carmel asserts does not fit within any of the specific applications set forth in Sections 768 to 773.
 

 In
 
 A & B-Abell
 
 , the Supreme Court defined "actual malice" as "knowledge of falsity or reckless disregard for the truth."
 
 Id.
 
 at 15,
 
 651 N.E.2d 1283
 
 . This definition makes sense only where the interference at issue consists of allegedly defamatory words, as was the case in
 
 A & B-Abell
 
 . When the interference consists of actions, not words, the definition set forth above applies.
 

 There is an exception to this rule: where a defendant's conduct falls within one of the special situations dealt with in Sections 768 to 773 of the Restatement, a trial court need not balance the factors set forth in Section 767 when deciding whether to grant summary judgment.
 
 Fred Siegel Co.
 
 at 179,
 
 707 N.E.2d 853
 
 ; Restatement, Section 767, Comment a. This exception is not relevant to this case because, as I stated above, no party has asserted that any of the more specific sections apply.