NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0097n.06

No. 23-3743

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 05, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| KENT GROUP PARTNERS, LLC, | ) | |
|     Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| CITIZENS BANK, NA, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
|     Defendant-Appellee. | ) | |
| | ) | OPINION |
| | ) | |

Before: KETHLEDGE, BUSH, and READLER, Circuit Judges.

KETHLEDGE, Circuit Judge. Kent Group Partners wired $6.25 million to an account at Citizens Bank, thinking that the account belonged to Sprint. In truth, the account belonged to hackers who withdrew the money immediately. Kent later brought this suit against Citizens, asserting claims under Article 4 of the Uniform Commercial Code and for civil conspiracy, among other claims. The district court dismissed. We affirm.

Kent alleged that a group of hackers opened an account at Citizens on behalf of a shell company. The hackers intercepted emails in which Kent discussed with Sprint an upcoming wire transfer of $6,256,608.79 to Sprint's account. The hackers then pretended to be Sprint employees and provided Kent with the account number for their shell company. Kent initiated the transfer from its bank, Capitol One, to the account at Citizens. Kent's transfer instructions provided Citizens with Sprint's name and business address, but the shell company's account number.

Citizens deposited the money into the shell company's account, and the hackers withdrew the money.

Kent thereafter brought this suit against Citizens, alleging that Citizens broke the law when it accepted the funds and should have screened its customers more carefully. The district court dismissed Kent's complaint for failure to state a claim. We review that decision de novo. *Lambert v. Hartman*, 517 F.3d 433, 438-39 (6th Cir. 2008).

On appeal, Kent first argues that the district court erred in dismissing its claim under Ohio Revised Code § 1304.62, which codifies Uniform Commercial Code § 4A-207. That statute lays out a bank's process when wire-transfer instructions include a discrepancy between the name of the intended beneficiary and the account number of the intended beneficiary. If the receiving bank "does not know that the name and [account] number refer to different persons," then "it may rely on the number as the proper identification" of the beneficiary. Ohio Rev. Code Ann. § 1304.62(B)(1). When the receiving bank relies on the account number, a plaintiff can establish liability only if it proves that the bank had "actual knowledge" of the discrepancy in the instructions. *Id.* § 1301.202(B).

The defect that runs through Kent's complaint is that Kent never alleged any particular facts supporting an inference that Citizens knew that the wire-transfer instructions contained a discrepancy. Kent does allege that Citizens "knew or should have known" that the transfer instructions referred to two different people. But those allegations are nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And Kent's allegations that Citizens was negligent when it allowed the hackers to open the account do not, as Kent contends, lead to the "inexorable conclusion" that Citizens actively participated in the hackers' scheme. Nor do

these allegations support an inference that Citizens had actual knowledge of—or was willfully blind to—the discrepancy in the wire instructions. Finally, Kent's allegation that Citizens knew "that Sprint did not have an account at Citizens" does not support an inference of actual knowledge—the applicable section of Article 4A of the Code addresses the reality that wire transfers are processed "by automated means" without "human reading" or intervention. U.C.C. § 4A-207, cmt. 2 (Am. L. Inst. & Unif. L. Comm'n 2022). And Kent has not alleged any facts supporting an inference that, as to this transfer, Citizens actually knew that Sprint was the intended beneficiary. The district court properly dismissed this claim.

Kent next argues that the district court erred in dismissing its civil-conspiracy claim. Civil conspiracy requires "a malicious combination of two or more persons to injure another in person or property." *Kenty v. Transamerica Premium Ins. Co.*, 650 N.E.2d 863, 866 (Ohio 1995) (quotation omitted). Specifically, those persons must share "a common understanding or design, even if tacit, to commit an unlawful act." *Woodward Constr., Inc. v. For 1031 Summit Woods I, LLC*, 30 N.E.3d 237, 243 (Ohio Ct. App. 2014) (quotation omitted). Kent's complaint lacks any allegation that Citizens and the hackers had any such understanding. Instead, Kent alleges that Citizens should have known that the hackers were committing fraud when they opened the bank account and asked to withdraw the money—essentially, that Citizens' actions were "consistent with conspiracy." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). But Citizens' negligence in screening its customers, without more, is not enough to allege an agreement between the hackers and Citizens. The district court properly dismissed this claim, as well.

Finally, Kent argues that the district court should not have entered its dismissal with prejudice. Our "default rule" is that a district court properly dismisses a complaint with prejudice for failure to state a claim if the plaintiff has neither moved to amend its complaint nor filed a

proposed amendment. *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 844 (6th Cir. 2012). Here, Kent did neither. Nor has Kent shown any "extenuating circumstances" for that omission. *Id.* The district court did not abuse its discretion when it dismissed Kent's complaint with prejudice.

The district court's judgment is affirmed.