By the Court.
 

 In this case the Court of Appeals of Cuyahoga county reversed a judgment entered by the court of common pleas of that county on behalf of the plaintiff, Ben Konigsberg, upon the sole ground that the court of common pleas erred “in communicating with the jury after it had retired for its deliberation without calling the jury in open court and in the presence of counsel, no
 
 *641
 
 other error appearing in the record,” and remanded the case to that court for retrial.
 

 The alleged conduct of the trial judge for which the judgment was reversed is set forth in a separate transcript attached physically to the bill of exceptions, called “Proceedings had on Saturday, April 18, 1925, in Boom 12,” but not allowed as a part of the record by the trial judge, and specifically disallowed as a part of the record by the trial judge in four separate rulings. The plaintiff filed objections to the transcript in question being allowed or made part of the record, and this objection was sustained by the trial judge, and the entry sustaining the objection was noted in his handwriting upon the transcript. The defendant later endeavored upon three separate occasions to have the same matter incorporated in the bill of exceptions, by filing a motion for a
 
 nunc pro tunc
 
 order amending the motion for a new trial, then by filing a motion to amend the bill of exceptions, and subsequently by filing a second motion to amend the bill of exceptions. All of the exhibits incorporated in these three motions set forth matter bearing upon the same transaction as was described in the transcript of the proceedings to which the trial court had sustained the objection of plaintiff, or matter identical with the transcript in question.
 

 Upon four separate occasions, therefore, the trial judge disapproved of the effort of the defendant to incorporate into the bill of exceptions what it claims took place with reference to the communication with the jury by the court. Since this matter was never allowed to become a part of the bill of exceptions, it is not a part of the record, and
 
 *642
 
 is not before us for consideration. This is the well-established rule laid down .in
 
 State
 
 v. Young, 77 Ohio St., 529, 83 N. E., 898, which held in a
 
 per curiam
 
 opinion that—
 

 “All things occurring in open court in the progress of a cause, from and including the impaneling of the jury to the submission of the cause, should be brought upon the record by a bill or bills of exception, verified by the certificate of the trial judge. That certificate imports absolute verity.”
 

 See, also,
 
 State
 
 v.
 
 Parmenter,
 
 84 Ohio St., 482, 95 N. E., 1155, and
 
 Graham
 
 v.
 
 State,
 
 98 Ohio St., 77, at page 82, 120 N. E., 232, 18 A. L. R., 1272.
 

 If, as a matter of fact, the trial judge refused to allow as part of the record events properly presented in evidence, which actually took place in connection with the trial and were relevant thereto, the defendant in error, the Lamports Company, could have and should have maintained an action in mandamus to compel the trial judge to incorporate such evidence in the record.
 
 Beebe, Judge,
 
 v.
 
 State, ex rel. Starr Piano Co.,
 
 106 Ohio St., 75, 139 N. E., 156.
 

 The judgment of the trial court can only be reversed for error appearing upon the record. The judgment of the Court of Appeals will therefore be reversed, and that of the court of common pleas affirmed.
 

 Judgment reversed.
 

 Marshall, C. J., Day, Allen, Robinson and Matthias, JJ., concur.
 

 Kinkade, J., not participating.