THE STATE EX REL. MARTINELLI, APPELLANT, *v.* CORRIGAN, JUDGE, APPELLEE.

[Cite as *State ex rel. Martinelli v. Corrigan* (1994), 68 Ohio St.3d 362.]

(No. 93–2002—Submitted December 7, 1993—Decided February 23, 1994.)

*Joseph P. Martinelli, pro se.*

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Laurence R. Snyder,* Assistant Prosecuting Attorney, for appellee.

*Per Curiam.* Appellant contends that the court of appeals erred in dismissing his complaint for a writ of mandamus. In order to be entitled to a writ of mandamus, a relator must establish (1) that he/she has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the act, and (3) that relator has no plain and adequate remedy in the ordinary course of law. *State ex rel. Manson v. Morris* (1993), 66 Ohio St.3d 440, 441, 613 N.E.2d 232, 233–234. Generally, Civ.R. 12(B)(6) motions attack the sufficiency of the complaint and may not be used to summarily review the merits of a cause of action in mandamus. *State ex rel. Horwitz v. Cuyahoga Cty. Court of Common Pleas, Probate Div.* (1992), 65 Ohio St.3d 323, 325, 603 N.E.2d 1005, 1007. Nevertheless, on independent review of the merits, for the reason that follows, we agree with the court of appeals that appellant was not entitled to mandamus relief as a matter of law. Cf., *e.g., State ex rel. Cheren v. Akron Chief of Police* (1993), 67 Ohio St.3d 461, 619 N.E.2d 1024.

In *State ex rel. Willis v. Sheboy* (1983), 6 Ohio St.3d 167, 6 OBR 225, 451 N.E.2d 1200, we noted at paragraph two of the syllabus:

"The function of mandamus is to compel the performance of a present existing duty as to which there is a default. It is not granted to take effect prospectively, and it contemplates the performance of an act which is incumbent on the respondent when the application for a writ is made." See, also, *State ex rel. Krejci v. N. Royalton Civ. Serv. Comm.* (1985), 17 Ohio St.3d 140, 141, 17 OBR 284, 285, 478 N.E.2d 239, 240.

At the time appellant's complaint for a writ of mandamus was filed in the court of appeals, only six days had elapsed from the date he filed his motion to correct the record in appellee's court. Appellant cited both below and before this court *Associated Estates Corp. v. Fellows* (1983), 11 Ohio App.3d 112, 11 OBR 166, 463 N.E.2d 417, which held that when an appellate court must resolve factual disputes about the trial court's record, mandamus is the sole appropriate remedy. However, in *Associated Estates Corp.,* the trial court had refused to adopt the defendant's proposed App.R. 9(C) statement of evidence. Mandamus or procedendo may be appropriate to compel a trial court to correct alleged errors in the record if the trial court refuses to act. See, generally, Whiteside, Ohio Appellate Practice (1993) 60, T 4.07(D); cf. *Konigsberg v. Lamports Co.* (1927), 116 Ohio St. 640, 642, 157 N.E. 477, 478; *Blecher v. Blecher* (Jan. 31, 1980), Cuyahoga App. No. 39662, unreported.

In the case *sub judice,* the common pleas court had not refused to rule on appellant's motion to correct the record at the time appellant filed his complaint in the court of appeals seeking a writ of mandamus. We agree with the court of appeals that appellant does not have a clear legal right and appellee possesses no

clear legal duty to rule on appellant's motion to correct the record within one week of the date it was filed.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.