**SCHIAVONI et al., Appellants,**

v.

**STEEL CITY CORPORATION, Appellee.**

[Cite as *Schiavoni v. Steel City Corp.* (1999), 133 Ohio App.3d 314.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 97CA211.

Decided March 29, 1999.

*Matthew T. Fekete,* for appellants.

*Douglas E. Spiker* and *John A. Zervas,* for appellee.

---

VUKOVICH, Judge.

The following appeal arises from the judgment of the Mahoning County Court of Common Pleas dismissing a complaint alleging tortious interference with a contract. For the reasons set forth below, the judgment of the trial court is reversed and this cause is remanded.

## I. FACTS

On July 16, 1997, Louis Schiavoni filed a complaint in the Mahoning County Court of Common Pleas sounding in tortious interference with a contractual relationship. The complaint alleged that Steel City Corporation, appellee, interfered with a contract between Schiavoni and Steven Olenick as related to Olenick's Ohio workers' compensation claim. Schiavoni alleged that he had entered into a contract with Olenick that would entitle him to a one-third contingency fee in return for his representation of Olenick regarding the workers' compensation claim. Furthermore, Schiavoni alleged that appellee commenced

settlement negotiations and ultimately secured an agreement that settled the claim without his knowledge. These actions were viewed not only as depriving Schiavoni of his one-third fee under the contract but also as having settled the claim for much less than its actual value. On July 25, 1997, the complaint was amended to add Schiavoni & Schiavoni, L.P.A. as a plaintiff to the foregoing action. As such, Schiavoni and Schiavoni & Schiavoni, L.P.A. will collectively be referred to as "appellants" herein.

On August 19, 1997, appellee filed its answer to the complaint in conjunction with a motion to dismiss appellants' complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6). In its motion, appellee argued that appellants had failed to properly allege all the elements of an action for tortious interference with a contractual relationship and as such the complaint should be dismissed. Appellants responded to appellee's motion on September 24, 1997, when they filed a memorandum opposing appellee's motion to dismiss. Additionally, appellants filed a second amended complaint upon leave of the trial court.

Having reviewed the respective arguments, the trial court sustained appellee's motion to dismiss on October 14, 1997. In doing so, the trial court noted that the actions of appellee in dealing directly with Olenick and thereby circumventing appellants did not constitute tortious interference with a contractual relationship. In the trial judge's words, in circumstances such as these, counsel should " 'save the stamp' and write off as a bad experience or a good learning experience, whichever applies, and don't let it happen again." It is from this decision that appellants filed a timely notice of appeal on October 21, 1997.

Appellants allege a single assignment of error on appeal.

## II. ASSIGNMENT OF ERROR

Appellants' assignment of error reads:

"The trial court erred in summarily dismissing the complaint pursuant to Civil Rule 12(B)(6) for failure to state a claim where the complaint, as amended, set forth all essential elements necessary to state a cause of action for tortious interference with contract as set forth by the Ohio Supreme Court in [*Kenty v. Transam. Premium Ins. Co.* (1995), 72 Ohio St.3d 415, 650 N.E.2d 863]."

Appellants argue that the trial court improperly dismissed their complaint as all essential elements of the tort had been alleged. In that the trial court was dealing with a Civ.R. 12(B)(6) motion, appellants contend that all material allegations in the complaint and all reasonable inferences drawn therefrom had to be construed in their favor. If the trial court had properly applied this standard,

appellants conclude that the motion to dismiss should have been overruled and the complaint should have been heard on its merits.

## A. APPLICABLE LAW

A motion to dismiss for failure to state a claim can be granted only when it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *Cleveland Elec. Illum. Co. v. Pub. Util. Comm.* (1996), 76 Ohio St.3d 521, 524, 668 N.E.2d 889, 891, citing *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 224–225, 327 N.E.2d 753, 754–755. Further, the factual allegations of the complaint as well as all reasonable inferences derived therefrom must be taken as true when addressing a motion to dismiss pursuant to Civ.R. 12(B)(6). *Vail v. Plain Dealer Publishing Co.* (1995), 72 Ohio St.3d 279, 280, 649 N.E.2d 182, 184. In resolving a motion to dismiss for failure to state a claim upon which relief can be granted, a trial court may look only to the complaint to determine whether the allegations are legally sufficient to state a claim. *Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378, 380–381. A trial court may not use the motion to summarily review the merits of the cause of action. *State ex. rel. Martinelli v. Corrigan* (1994), 68 Ohio St.3d 362, 363, 626 N.E.2d 954, 955–956.

Appellate review of a ruling on a motion to dismiss for failure to state a claim presents a question of law. *Cleveland Elec. Illuminating Co., supra,* at 523, 668 N.E.2d at 890–891. As such, we shall address this matter using a *de novo* standard of review.

The Ohio Supreme Court first formally recognized a cause of action for tortious interference with a contract in *Kenty v. Transam. Premium Ins. Co.* (1995), 72 Ohio St.3d 415, 650 N.E.2d 863. In this decision, the court set forth the elements of such an action as: (1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) lack of justification, and (5) resulting damages. *Id.* at 419, 650 N.E.2d at 866–867. In the event a complaint fails to provide allegations regarding each of these elements, the complaint can properly be dismissed for failure to state a claim upon which relief can be granted.

## B. ANALYSIS

The resolution of this appeal turns upon the sufficiency of the allegations in appellants' complaint as related to the elements of a tortious interference with a contract cause of action. Appellants' complaint states:

"3. Plaintiff alleges that on September 13, 1995, Plaintiff entered into a contingency fee agreement with Steven Olenik [*sic*] (hereinafter referred to as 'Client') to represent Client in his Workers' Compensation claim. * * *

"4. Defendant had actual or constructive knowledge that the Client was represented by counsel and that Plaintiff had a contract with Client.

"5. Plaintiff further states that after vigorously representing Client for two years, Defendant, knowing that Client was still represented by counsel, intentionally, wilfully and wrongfully solicited Client in an effort to settle Client's Workers' Compensation claim without said Plaintiff's knowledge or consent, in order to induce client to breach his contract with Plaintiff.

"6. Defendant, without justification, thereafter secretly concluded a settlement directly with Client without the Plaintiff's knowledge, consent or participation, and wrongfully induced Client to settle the case without notifying or consulting Client's counsel of record, and to otherwise breach his contract with Plaintiff.

"7. Plaintiff further alleges that the realistic and reasonable value of the claim was $10,000.00, and that the Defendant Employer settled said claim directly with the client in a deliberate, willful and deceitful (but ultimately successful) effort to reduce or minimize its liability in the matter, thereby directly and proximately causing economic damages to the Client and to the Plaintiff, his counsel.

"8. Plaintiff further states that Defendant's aforementioned wrongful conduct and actions constituted a tortious interference with Plaintiff's professional and business relationship with his Client, and with the Plaintiff's contingency contract with his Client.

"9. Plaintiff sustained economic damages as a direct and proximate result of Defendant's said tortious interference, in that Plaintiff was deprived of his lawful one-third contingency fee in the matter, together with reimbursement of any out-of-expenses [*sic*] incurred in connection with the client's claim, if any."

Assuming all of the facts alleged in appellant's complaint are true, this court must hold that the complaint addresses all of the elements of a tortious interference with a contract cause of action. Throughout appellants' complaint, references are made to the existence of a contract between appellants and Olenick in regards to his workers' compensation claim. Appellants meet the second element for their cause of action when they allege appellee had knowledge of the contract. In paragraph five appellants allege that appellee induced Olenick to breach the contract that had been entered into with appellants. Appellants further set forth sufficient allegations in paragraph six of their complaint to satisfy the fourth element established in *Kenty, supra.* Finally, appellants adequately allege damages in paragraphs seven and nine of their complaint when

they allege that they not only lost out on their fee but also the actual value of the claim was reduced as a result of appellee's surreptitious actions.

Having independently and thoroughly examined appellants' complaint and having construed the facts and all inferences therefrom as being true, this court finds that the trial court improperly dismissed appellants' complaint pursuant to Civ.R. 12(B)(6). The case *sub judice* does not present a situation whereby appellants are unable to prove any set of facts that would entitle them to recovery. All elements of the cause of action have been sufficiently pled and, therefore, this action must be permitted to proceed at the trial court level.

As discussed in *Corrigan, supra,* a motion to dismiss is not an opportunity for a trial judge to address the matter on its merits. The sole issue before a trial judge is whether the facts as alleged in the complaint, if construed as true, establish the cause of action provided for in the complaint. In the event facts are speculative or subject to multiple interpretations, a question of fact arises that shall be settled by the trier of fact. The sole requirement to survive a motion to dismiss, and which has been provided in the case at bar, is by allegation as to the elements of the cause of action.

If this court were to adopt the trial court's position, we would essentially be granting *carte blanche* to insurance companies, employers, and the like to contact represented parties and negotiate settlements outside the presence of counsel. Such a decision would serve only to invite abuses and encourage exploitation. While the trial court tells counsel to write the occurrence off and "don't let it happen again," counsel has been rendered powerless to prevent a reoccurrence in light of the trial court's decision in this matter. The trial court's decision to dismiss the case, despite the fact that appellants adequately pled a cause of action, disposes of any recourse that appellants may have utilized to discourage similar acts in the future. Therefore, this court holds that appellants' sole assignment of error has merit.

For the foregoing reasons, the judgment of the trial court is reversed and this cause is remanded for further proceedings according to law and consistent with the holding of this court's opinion.

*Judgment reversed*
*and cause remanded.*

Cox, P.J., and Waite, J., concur.