DECISION
{¶ 1} Relator, Frederick A. Luchette, M.D., has filed an original action seeking a writ of mandamus ordering respondent, Judge Fred J. Shoemaker of the Ohio Court of Claims, to dismiss relator as a party from Theobald v. University of Cincinnati (Apr. 23, 2002), Ct. of Cl. No. 2001-06461. In addition, or, in the alternative, relator asks this court to direct Judge Shoemaker to vacate his December 19, 2001 entry making relator a party. Relator further asks the court to issue a writ of prohibition restraining respondent from exercising further jurisdiction over him in Theobald.
{¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals. On April 5, 2002, the magistrate rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate concluded that relator had not alleged any error or abuse of discretion that could not be remedied in the ordinary course of law on appeal and, thus, relator had failed to state a claim on which relief in mandamus or prohibition may be granted. Accordingly, the magistrate recommended that the court dismiss the action sua sponte. Relator filed objections to the decision, and respondents filed memoranda in opposition to relator's objections. For the reasons that follow, we adopt the findings of fact and conclusions of law with modifications, and dismiss the action.
{¶ 3} The gist of relator's objections is that the Court of Claims was patently without jurisdiction to join Dr. Luchette as a party, even for the limited purpose of making an immunity determination. In particular, relator points to R.C. 2743.02(E), which provides in pertinent part that: "The only defendant in original actions in the court of claims is the state." Relator also cites this court's decisions in Tiemann v. Univ. of Cincinnati (1998), 127 Ohio App.3d 312; Smith v. Univ. of Cincinnati (Aug. 28, 2001), Franklin App. No. 01AP-404; and Landes v. The Ohio State University (Nov. 20, 1997), Franklin App. No. 97API05-739, as support for his argument.
{¶ 4} In Tiemann, this court stated that "R.C. 2743.02(E) necessarily limits the parties that may participate in a Court of Claims action to plaintiffs and the defendant state of Ohio." Id. at 320. In Smith and Landes, this court indicated that state employees could not be parties to the Court of Claims' action and, therefore, lacked standing to appeal an immunity determination.
{¶ 5} While we recognize that the Court of Claims has added state employees as parties on a number of occasions for the limited purpose of making an immunity determination, we stand by our reading of the Court of Claims' act and the reasoning espoused in Smith and Landes. At the same time, we recognize that legislation may be necessary to define an employee's right to participate in the Court of Claims' proceedings as a party. Nevertheless, the Court of Claims "has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code," and, accordingly, is not patently without jurisdiction over immunity determinations. R.C. 2743.02(F). Thus, while the Court of Claims' decision to add relator as a party was an error of law, and to that extent relator's argument has merit, such a decision does not support relator's position that the Court of Claims patently and unambiguously lacked jurisdiction such that prohibition or mandamus would lie.
{¶ 6} Accordingly, for the reasons we have stated, the objections are overruled, and we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law contained in it as modified by this decision. In accordance with the decision of the magistrate, the action is dismissed.
Objections overruled; Action dismissed.
PETREE and DESHLER, JJ., concur.
 APPENDIX A ON SUA SPONTE DISMISSAL
{¶ 7} In this original action, relator, Frederick A. Luchette, M.D., seeks a writ of mandamus directing respondent, Judge Fred J. Shoemaker of the Ohio Court of Claims, to grant his January 2002 motion to dismiss him as a party from case No. 01-6461, Theobald v. University of Cincinnati. In addition, or in the alternative, relators asks this court to direct Judge Shoemaker to vacate the December 2001 entry stating that relator is a party for a limited purpose. Relator further asks this court to issue a writ of prohibition restraining respondent from exercising further jurisdiction over him in Theobald.
{¶ 8} Based on the reasons set forth below, the magistrate concludes that, even when the factual allegations of the complaint are accepted as true, relator has not stated a claim on which relief in prohibition or mandamus may be granted. Accordingly, the magistrate recommends dismissal pursuant to Civ.R. 12.
Facts According to Relator's Allegations in the Complaint:
{¶ 9} 1. Dr. Frederick A. Luchette provided medical treatment to Keith Theobald after a motor vehicle accident in October 1998.
{¶ 10} 2. In October 1999, Mr. Theobald filed a malpractice action in Hamilton County Common Pleas Court against several doctors, including Dr. Luchette.
{¶ 11} 3. Dr. Luchette filed an answer, averring among other things that he was immune from liability on the grounds that he was a state employee acting within the scope of his employment at the time of the acts alleged in Mr. Theobald's complaint.
{¶ 12} 4. In June 2001, the common pleas court stayed the action, pending a determination by the Court of Claims regarding the validity of the immunity defense.
{¶ 13} 5. In June 2001, Mr. Theobald filed case No. 01-6461 in the Court of Claims, Theobald v. University of Cincinnati, seeking a determination that Dr. Luchette and others were not immune from liability for their alleged negligence in his medical care.
{¶ 14} 6. In November 2001, Judge Shoemaker held an evidentiary hearing to determine whether Dr. Luchette and others have personal immunity. Neither Dr. Luchette nor his counsel attended the hearing. (See complaint, Exhibit A.)
{¶ 15} 7. On December 6, 2001, Judge Shoemaker entered an order continuing the evidentiary hearing to February 1, 2002, and stating that Dr. Luchette was added as "a party to this special proceeding for the limited purposes of determining his civil immunity status." (Complaint, Exhibit A.)
{¶ 16} 8. On January 31, 2002, Dr. Luchette filed a motion asking the Court of Claims to dismiss him as a party.
{¶ 17} 9. On February 13, 2002, Dr. Luchette filed the present action in mandamus/prohibition. He stated, among other things, that Judge Shoemaker has not yet ruled on his motion to dismiss.
Conclusions of Law:
{¶ 18} In the present action, relator seeks an array of remedies relating to his participation in an action pending before the Court of Claims. He seeks a writ ordering Judge Shoemaker (1) to grant his January 2002 motion to dismiss him as a party, (2) to vacate the December 2001 order adding Dr. Luchette as a party to the special proceeding, and/or (3) to refrain from exercising jurisdiction over Dr. Luchette even for the limited purpose of determining his immunity.
{¶ 19} A writ of mandamus is issued to compel the performance of a public duty where the default of that duty exists at the time the complaint in mandamus is filed. State ex rel. Martinelli v. Corrigan (1994), 68 Ohio St.3d 362, 363. For a writ of mandamus to issue in the present action, Dr. Luchette must establish that he had a clear legal right to immediate dismissal of the Theobald complaint as to him, that Judge Shoemaker had a clear legal duty to dismiss him immediately without a hearing, and that Dr. Luchette has no plain and adequate remedy at law. See, e.g., State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
{¶ 20} In order to obtain a writ of prohibition in this action, Dr. Luchette must prove the following: (1) that Judge Shoemaker is about to exercise judicial power; (2) that this exercise of power is unauthorized by law; and (3) that denying the writ will result in injury for which no adequate remedy at law is available. See State ex rel. Fowler v. Smith (1994), 68 Ohio St.3d 357; State ex rel. White v. Junkin (1997), 80 Ohio St.3d 335.
{¶ 21} According to the complaint, the malpractice action in common pleas court was stayed to permit the Court of Claims to determine whether Dr. Luchette and other defendants have personal immunity. Proceedings in the Court of Claims commenced in June 2001, and Judge Shoemaker scheduled an evidentiary hearing to proceed in November 2001. When Dr. Luchette did not attend, the court continued the hearing to February 2002. On January 31, 2002, Dr. Luchette filed a motion to dismiss, on which the court has not yet ruled.
{¶ 22} Thus, the question of relator's immunity from civil liability is currently pending before the Court of Claims in two postures. In the hearings scheduled for November 2001 and February 2002, the question of immunity was before the court. In addition, prior to the latter hearing, relator filed a motion to dismiss him as a party, which is currently pending before Judge Shoemaker as well. Relator does not allege that the Court of Claims lacks jurisdiction over the entire action, but only that he himself should be dismissed as a party.
{¶ 23} Relator's complaint essentially demands that the Court of Claims dismiss him from the action immediately. That is, the complaint suggests that the lack of jurisdiction is so patent that the Court of Claims cannot proceed to hold a hearing on the matter. The magistrate disagrees, concluding that relator has an adequate remedy at law and that any lack of jurisdiction is not so patent that relator is excused from establishing that he lacks an adequate remedy at law.
{¶ 24} R.C. 2743.02 sets forth conditions and circumstances under which the state and its agents may be sued in a civil action. However, where a state employee has acted within the scope of his state employment, he has personal immunity from civil liability for alleged negligence in the performance of his duties. E.g., Newton v. Ohio Univ. School of Osteopathic Medicine (1993), 91 Ohio App.3d 703. Under R.C.2743.02(F), a civil action may be brought against a state employee alleging that the employee's conduct was manifestly outside the scope of his employment, but the action "shall first be filed against the state in the Court of Claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity."
{¶ 25} R.C. 2743.02 makes clear that the personal immunity of a state-employed physician must be determined in the first instance by the Court of Claims. In some cases, the physician is a party in the Court of Claims. See Newton, supra, at 707. In other cases, the physician is not a party in the Court of Claims. E.g., Tschantz v. Ferguson (1989),49 Ohio App.3d 9. However, in the latter situation, the physician has no standing to appeal an adverse decision by the Court of Claims regarding his or her immunity. Id.; Smith v. Univ. of Cincinnati (Nov. 29, 2001), Franklin App. No. 01AP-2001, unreported. Where the physician is not a party in the Court of Claims, and where the court determines that the physician does not have personal immunity, the physician cannot immediately appeal the adverse decision and cannot seek appellate review until after the common pleas court issues a final order. E.g., Newton; Smith; Tschantz.
{¶ 26} As stated above, the Court of Claims has a statutory duty to determine the issue of Dr. Luchette's immunity. Whether or not Dr. Luchette is a party to the special proceeding, the court must determine whether he has personal immunity from civil liability. However, by making Dr. Luchette a party, the Court of Claims provided him the right to be heard. The court added Dr. Luchette as a party only for the limited purpose of determining his immunity. If Dr. Luchette is not a party, he may be called as a witness but otherwise has no right to be heard. Further, if he is a party, he can appeal an adverse ruling, if any, as soon as it is rendered, without first participating in a trial in common pleas court.
{¶ 27} In sum, the complaint alleges that the Court of Claims intends to determine the personal immunity of Dr. Luchette and others, a matter clearly within the court's statutory jurisdiction. By adding Dr. Luchette as a party for a limited purpose, the court has simply ensured that Dr. Luchette has the right to be heard and the right to appeal an adverse determination, if any. If Dr. Luchette chooses to waive those rights, that is his choice. If he chooses not to appear and defend the claim that he lacks personal immunity, other parties may or may not seek to compel his attendance as a witness. Nonetheless, the exercise of judicial power to determine the personal immunity of a state employee is plainly within the powers given to the Court of Claims in R.C. 2743.02, and relator has not alleged facts that, accepted as true, require the conclusion that the court patently lacks jurisdiction to join him as a party for a limited purpose, with appellate review following upon a final order to correct any error of law or abuse of discretion.
{¶ 28} The magistrate concludes that the allegations in the complaint do not support the issuance of a writ of mandamus or prohibition at this time. Relator has an adequate remedy in the Court of Claims, which has not yet ruled on his motion to dismiss. Further, the complaint does not allege any error or abuse of discretion that cannot be remedied in the ordinary course of law on appeal. Because relator has not stated a claim on which relief in mandamus or prohibition may be granted, the court should dismiss this action sua sponte.