OPINION
{¶ 1} Plaintiff-Appellant Wells Fargo Financial Leasing, Inc. (Wells Fargo) appeals the decision of Jefferson County Common Pleas Court dismissing its complaint against defendants-appellees Trio Transportation, Inc. (Trio), Eugene Bartek and Kathy Bartek pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief can be granted. Two issues are raised in this appeal. The first issue is whether the trial court erred in finding that Wells Fargo failed to state a claim upon which relief could be granted. The second issue is whether the trial court failed to comply with Civ.R. 41(B), by dismissing the complaint with prejudice without providing Wells Fargo notice. For the reasons stated below, the decision of the trial court is hereby affirmed.
 STATEMENT OF CASE {¶ 2} Wells Fargo is the assignee of Telmark LLC. On March 27, 2002, a lease agreement and personal guaranty was executed between Telmark and Trio, Eugene and Kathy for a piece of equipment. On February 21, 2003, Telmark received a cognovit judgment in Jefferson County Common Pleas Court, 03CV69, against Trio, Eugene and Kathy. Kathy then moved for relief from that judgment under Civ.R. 60(B)(1) and (3). On January 16, 2004, by agreed judgment entry of the parties — Eugene, Kathy, Trio and Telmark/Wells Fargo — relief from judgment was granted as to Kathy.
 {¶ 3} On March 19, 2004, Wells Fargo filed a separate complaint in Jefferson County Common Pleas Court under case number 04-CV-150 (underlying action of this appeal) alleging fraudulent conveyance of real property by Eugene to Kathy with the intent to hinder, delay or defraud Wells Fargo as a future creditor. The real property at issue was transferred from Eugene to Kathy by quitclaim deed for no consideration on January 11, 2001.
 {¶ 4} On April 22, 2004, Wells Fargo was served with Kathy's answer and motion to dismiss the complaint under Civ.R. 12(B)(6). Also on April 22, 2004, Wells Fargo mailed an amended complaint to the Jefferson County Clerk of Court for filing. The amended complaint was filed on April 23, 2004. However, in accordance with Civ.R. 15, leave was required to file the amended complaint since a responsive pleading had been filed. Wells Fargo claims that it sent a motion for leave on the afternoon of April 22, 2004. The Clerk never received this filing. Consequently, the amended complaint was never properly filed. Wells Fargo filed a motion in opposition to Kathy's motion to dismiss on April 23, 2004.
 {¶ 5} A hearing was held on April 26, 2004, on Kathy's motion to dismiss. Counsel for Trio, Eugene and Kathy were present. However, no one appeared on behalf of Wells Fargo. (05/27/02 J.E.). Nevertheless, the trial court did review and consider Wells Fargo's motion in opposition to dismiss. (05/27/02 J.E.). The trial court granted the motion to dismiss stating that, "it appears beyond doubt that plaintiff can prove no set of facts in support of plaintiff's claim for relief." (05/27/04 J.E. (internal citations omitted)). In accordance with that determination, the trial court dismissed the complaint "as to all defendants with prejudice." It is from this ruling that Wells Fargo appeals raising one assignment of error. Kathy did not file a brief in this case, however, Eugene and Trio did.
 {¶ 6} After the appeal was filed, Wells Fargo moved this court to modify the record to include the motion for leave to amend the complaint. We denied the motion stating that the motion to amend was not filed with the trial court and, thus, was not part of the record. We instructed Wells Fargo that it could ask the trial court to supplement the record under App.R. 9(E). Wells Fargo took our advice; however, the trial court denied the motion and stated that it did not consider the motion for leave to amend the complaint in dismissing the action with prejudice. Thus, it concluded that it should not be considered on appeal. Accordingly, this appeal deals strictly with whether the original complaint that was filed on March 19, 2004, failed to state a claim upon which relief can be granted.
 ASSIGNMENT OF ERROR {¶ 7} "THE TRIAL COURT ERRED IN DISMISSING APPELLANT WELLS FARGO'S COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED."
 {¶ 8} Two distinct arguments are made under this assignment of error. The first issue is whether the trial court erred in finding that the March 19, 2004 complaint alleging fraudulent conveyance failed to state a claim upon which could be granted.[1] The second argument deals with Civ.R. 41(B); whether Wells Fargo received notice of the dismissal with prejudice.
 A. Civ.R. 12(B)(6) — Failure to State a Claim {¶ 9} "A Civ.R. 12(B)(6) motion to dismiss is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd.of Commrs., 65 Ohio St.3d 545, 548, 1992-Ohio-73. A court may grant a motion to dismiss for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Taylor v. London, 88 Ohio St.3d 137, 139, 2000-Ohio-278, quoting O'Brien v. University Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, syllabus. See, also, Wilson v. State (1995),101 Ohio App.3d 487, 491." Barstow v. Waller, 4th Dist. No. 04CA5,2004-Ohio-5746, ¶ 13.
 {¶ 10} In ruling on a Civ.R. 12(B)(6) motion, the trial court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. Id., citingMitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 193. Appellate review of a ruling on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim presents a question of law. Schiavoni v. Steel City Corp.
(1999), 133 Ohio App.3d 314, 317, citing Cleveland Elec. Illum. Co.v. Pub. Util. Comm., 76 Ohio St.3d 521, 523, 1996-Ohio-298. As such, we address this matter using a de novo standard of review. Schiavoni,133 Ohio App.3d at 317.
 {¶ 11} Wells Fargo's complaint states that a lease was entered into between Trio and Wells Fargo on March 27, 2002. On this same day, Eugene and Kathy entered into an Individual Continuing Guaranty of Payment with Wells Fargo unconditionally guaranteeing the obligations provided in the lease between Trio and Wells Fargo. Trio was found in default of the lease agreement and had a judgment issued against it in the amount of $53,716 plus interest and late charges. By way of the Guaranty, Kathy and Eugene are also liable. (As aforementioned Kathy, by an agreed judgment entry of the parties — Trio, Eugene, Kathy, and Telmark/Wells Fargo — obtained relief from this judgment.)
 {¶ 12} The complaint further states that on January 11, 2001, Eugene transferred by Quit-Claim Deed two tracts of land located in Jefferson County, Ohio, to Kathy for "no consideration." Wells Fargo's complaint alleges that the transfer of the above real property was done with the intent to hinder, delay or defraud it, as a future creditor. It contends that such a transfer is in contravention of R.C. 1336.07.
 {¶ 13} Thus, the question presented to this court is taking all the above factual allegations as true, does the complaint state a claim for fraudulent concealment that could survive as a matter of law?
 {¶ 14} Wells Fargo argues that it does. It contends that the complaint clearly alleges that the transfer of the property "was done with the intent to hinder, delay or defraud the Plaintiff, as a future creditor, in contravention of R.C. Section 1336.07." (¶ 16-19 of the 03/19/04 Complaint). Wells Fargo's argument is that the trial court improperly dismissed the case as to all defendants.
 {¶ 15} Kathy did not file a brief in this case. However, in her motion to dismiss she contends that she is not a debtor, and the transfer complained of in the complaint was to her, not from her. Therefore, she contends that she could not have violated R.C. 1336.04 and Wells Fargo is not entitled to any remedies set forth in R.C. 1336.07.
 {¶ 16} Eugene and Trio did file a brief in this case and counter Wells Fargo's argument by claiming that Well Fargo's brief argues that theamended complaint states a claim upon which relief can be granted. Since the amended complaint is not part of the appellate record, according to them, Wells Fargo's argument fails. Secondly, they contend alternatively that if Wells Fargo's brief is addressing the original complaint, the argument should still fail for the following two sentence argument:
 {¶ 17} "Eugene F. Bartek quit claimed the real estate at issue to his wife more than fourteen (14) months before entering into the lease with Appellant. Additionally, Appellant's prior Motion to Amend to add the fraudulent conveyance allegation was denied by Judge Henderson in Case No. 03-CV-69, March 8, 2004."
 {¶ 18} At the outset, we will address Kathy's argument that she could not have violated R.C. 1336.04 and Wells Fargo is not entitled to any remedies set forth in R.C. 1336.07 since there is no money judgment against her, that she was dismissed from the original action, and the transfer was made to her, not from her.
 {¶ 19} R.C. 1336.04 addresses fraudulent transfers. It states:
 {¶ 20} "(A) A transfer made * * * by a debtor is fraudulent as to a creditor, whether the claim of the creditor arose before or after the transfer was made * * *, if the debtor made the transfer * * * in either of the following ways:
 {¶ 21} "(1) With actual intent to hinder, delay, or defraud any creditor of the debtor."
 {¶ 22} R.C. 1336.07 is the remedies statute under the Ohio Uniform Fraudulent Transfer Act. It states, in pertinent part:
 {¶ 23} "(A) In an action for relief arising out a transfer or an obligation that is fraudulent under section 1336.04 or 1336.05 of the Revised Code, a creditor * * *, subject to the limitations in section1336.08 of the Revised Code, may obtain one of the following:
 {¶ 24} "* * *
 {¶ 25} "(2) An attachment or garnishment against the asset transferred or other property of the transferee in accordance with Chapters 2715. and 2716. of the Revised Code;
 {¶ 26} "(3) Subject to the applicable principles of equity and in accordance with the Rules of Civil Procedure, any of the following:
 {¶ 27} "(a) An injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;
 {¶ 28} "* * *
 {¶ 29} "(c) Any other relief that the circumstances may require.
 {¶ 30} "(B) If a creditor * * * has obtained a judgment on a claim against the debtor, the creditor * * *, if the court so orders, may levy execution on the asset transferred or its proceeds in accordance with Chapter 2329. of the Revised Code."
 {¶ 31} The fraudulent transfer section addresses a debtor and a creditor. Under R.C. 1336.01(F) a debtor is defined as "a person is liable on a claim." It is undisputed that Kathy is not the creditor. Furthermore, given the record before us, Kathy clearly is not a debtor. At one point Kathy was a potential debtor of Wells Fargo. However, as explained above, Wells Fargo, by an agreed judgment entry, released her from that judgment. It is that relief from judgment that prevents Wells Fargo from collecting on this claim. Had Wells Fargo not released Kathy, it would have been able to use the land to collect the debt. Thus, Kathy does not fall under either the debtor or creditor categories addressed in R.C. 1336.04 and 1336.07. Therefore, the trial court did not err when it dismissed the claim against Kathy on the basis of Civ.R. 12(B)(6).
 {¶ 32} Next, we must address whether the trial court's dismissal of Eugene and Trio on the basis of Civ.R. 12(B)(6) was in error. Procedurally, Wells Fargo argues that the trial court erred by dismissing the action against Eugene and Trio because they did not file a motion to dismiss. The record reveals that neither Eugene nor Trio filed a motion to dismiss. However, Eugene and Trio claim that at the motion to dismiss hearing, which Wells Fargo did not attend, they orally moved to dismiss the complaint based upon the reasoning in Kathy's motion to dismiss.
 {¶ 33} The transcript of the motion to dismiss hearing was not filed with this court. As such, we are unable to determine whether the motion was orally made to the trial court. However, when there is no transcript, we must presume the regularity of the proceedings. Milick v.Ciapala, 7th Dist. No. 02CA53, 2003-Ohio-1427. The regularity of the proceedings would be that the actual motion was before the court. Therefore, since we must presume that the motion was made, Wells Fargo's procedural argument about the lack of the motion being made fails.
 {¶ 34} Likewise, Eugene and Trio's argument that Wells Fargo's brief argues that the amended complaint, not the original complaint, states a claim upon which relief can be granted, also fails. As stated above, this appeal deals solely with whether the original complaint states a claim upon which relief can be granted. Any issue as to whether the amended complaint stated a claim upon which relief could be granted is not properly before this court because the amended complaint was never filed with the trial court, nor was it considered by the trial court when it ruled on the Civ.R. 12(B)(6) motion. Regardless, Wells Fargo's brief solely addresses the validity of the original complaint, the March 19, 2004 complaint, not the amended complaint. Thus, Eugene and Trio's argument is factually erroneous and fails.
 {¶ 35} Thus, having addressed all procedural arguments made by Eugene, Trio, and Wells Fargo, we now address the merit arguments. First, Eugene and Trio argue that the transfer occurred 14 months prior to the obligation and, as such, a cause of action does not lie for fraudulent conveyance. This argument must fail. While it is true that the transfer occurred 14 months prior the incurrence of the obligation, this does not necessarily mean that the property was not fraudulently conveyed. R.C. 1336.04(A) specifically states that a transfer made by a debtor is fraudulent as to a creditor, whether the claim of the creditorarose before or after the transfer was made. Thus, a cause of action for fraudulent conveyance could exist against them, though it may be difficult to show that the conveyance was fraudulently transferred.
 {¶ 36} That said, the property transferred was transferred to Kathy. As stated above, the trial court's dismissal of the action against Kathy was appropriate because Wells Fargo had agreed to relieve her from judgment on the guaranty. Since that determination renders the property out of Wells Fargo's reach, no remedy lies under a fraudulent conveyance cause of action. Thus, the complaint fails to state a claim upon which relief could be granted as to Wells Fargo against Eugene and Trio.
 {¶ 37} For the above stated reasons, the trial court did not err when it dismissed the complaint against all parties based upon Civ.R. 12(B)(6).
 B. Civ.R. 41(B) and Notice {¶ 38} Civ.R. 41(B) states:
 {¶ 39} "(1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."
 {¶ 40} Kathy's motion to dismiss had a notice hearing attached to it. The motion to dismiss specifically requests dismissal. Thus, it must be concluded that Wells Fargo was aware that a dismissal could result.
 {¶ 41} As the Supreme Court explained in Sazima v. Chalko (1999),86 Ohio St.3d 151, 155:
 {¶ 42} "In Quonset Hut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, at the syllabus, the court held that the notice requirement of Civ.R. 41(B)(1) is satisfied `when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal.' The gist of this holding is that `the notice required by Civ.R. 41(B)(1) need not be actual but may be implied when reasonable under the circumstances.' 80 Ohio St.3d at 49. As relevant here, the court found that the fact that the defendant had filed a motion requesting the court to dismiss plaintiff's claim with prejudice constituted sufficient implied notice for purposes of Civ.R. 41(B)(1).80 Ohio St.3d at 48-49."
 {¶ 43} The difference between the above cited case and the case at hand is that in the above cited case, a dismissal with prejudice was requested. In the case at hand, the motion for dismissal simply requested dismissal.
 {¶ 44} Nevertheless, this distinction does not render the notice of dismissal inadequate. In Papadelis v. Charter One Bank, F.S.B., 8th Dist. No. 84581, 2005-Ohio-288, ¶ 22-23, the eighth appellate district stated that a renewed motion made by Charter One to compel discovery and for sanctions that specifically requested "claims be dismissed" was sufficient to put plaintiffs on notice that the action would be dismissed if they did not properly comply with the court's prior order to comply with discovery. Thus, according to that court, the words "with prejudice" do not have to be made in the request to dismiss in order for the opposing party to be on notice that dismissal with prejudice may result if they do not comply.
 {¶ 45} Consequently, Kathy's motion to dismiss was sufficient notice that the complaint could be dismissed with prejudice. Furthermore, a dismissal hearing was set in order allow Wells Fargo to explain the (alleged) default in the complaint.
 {¶ 46} As explained by the Ohio Supreme Court in Sazima:
 {¶ 47} "The purpose of notice is to give the party who is in jeopardy of having his or her action or claim dismissed one last chance to comply with the order or to explain the default. [Ohio Furniture Co. v. Mindala
(1986),] 22 Ohio St.3d [99,] 101 (`Notice of intention to dismiss with prejudice gives the non-complaining party one last chance to obey the court order in full.'); Logsdon v. Nichols (1995), 72 Ohio St.3d 124, 128, quoting McCormac, Ohio Civil Rules of Practice (2 Ed. 1992) 357, Section 13.07 (`The purpose of notice is to "provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice."'); Moore v. Emmanuel FamilyTraining Ctr., Inc. (1985), 18 Ohio St.3d 64, 69 (`The purpose of this notice requirement is to give a party an opportunity to obey the order.')." Sazima, 86 Ohio St.3d at 155.
 {¶ 48} As stated above, Wells Fargo did have the opportunity to explain the (alleged) default in the complaint at the dismissal hearing. However, it did not appear at that hearing. Thus, it did not take its opportunity to explain or move to correct its errors. Therefore, this argument fails.
 {¶ 49} For the reasons stated above, the trial court did not err in dismissing the cause of action for failure to state a claim upon which relief could be granted, Civ.R. 12(B)(6). Furthermore, the trial court did not fail to comply with Civ.R. 41(B) and its notice requirement. Thus, the decision of the trial court is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.
[1] The original complaint alleged two counts. The first count alleged breach of guaranty. The second count alleged fraudulent conveyance. The arguments made in this appeal deal directly with the second count. Thus, only the second count is dealt with in this appeal.