ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Malik Shabazz has filed a complaint for a writ of procedendo. Shabazz seeks an order from this court which requires the East Cleveland Municipal Court to issue a ruling with regard to a motion to vacate sentence that was filed in City of East Cleveland v. Shabazz, East Cleveland Municipal Court Case No. NA0410. For the following reasons, we dismiss Shabazz's complaint for a writ of procedendo.
 {¶ 2} Initially, we find that Shabazz's petition for a writ of mandamus is defective since it is improperly captioned. The petition for a writ of mandamus must be brought in the name of the state on relation of the person applying. The failure of Shabazz to properly caption his petition for a writ of mandamus constitutes sufficient reason for dismissal. Allen v. Court of Common Pleas of Allen Cty. (1962),173 Ohio St. 226, 181 N.E.2d 270; Dunning v. Judge Cleary, et al., (Jan. 11, 2001), Cuyahoga App. No. 78763.
 {¶ 3} In addition, we find that Shabazz's complaint for a writ of procedendo is procedurally defective since he has failed to comply with the mandatory requirements of R.C. 2969.25(A). An inmate, when filing a civil action against a government entity or employee, must also file an affidavit which contains a description of each civil action or appeal of a civil action that has been docketed in the previous five (5) years in either state or federal court. State ex rel. Akbar-El v. Cuyahoga Cty.Court of Common Pleas, 94 Ohio St.3d 210, 2002-Ohio-475, 761 N.E.2d 624;State ex rel. Sherrills v. Franklin Cty. Clerk of Courts,92 Ohio St.3d 402, 2001-Ohio-211, 750 N.E.2d 94.
 {¶ 4} Finally, Shabazz has failed to establish that he is entitled to a writ of procedendo. A writ of procedendo shall be issued by this court when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. State ex rel. Doe v. Tracy (1988),51 Ohio App.3d 198, 555 N.E.2d 674. Herein, Shabazz argues that the failure of the East Cleveland Municipal Court to issue an immediate ruling with regard to his motion to vacate sentence constitutes undue delay. Shabazz's motion to vacate sentence was filed on May 19, 2005, and the complaint for a writ of procedendo was filed with this court on July 5, 2005. We find that a period of time of less than two months does not constitute undue delay. State ex rel. Hand v. Cuyahoga Cty. ProbateCourt (1991), 62 Ohio St.3d 110, 579 N.E.2d 704; State ex rel. Martinelliv. Corrigan (1994), 68 Ohio St.3d 362, 626 N.E.2d 954; State ex rel.Tillimon v. Weiher (1992), 65 Ohio St.3d 468, 605 N.E.2d 35.
 {¶ 5} Accordingly, we dismiss Shabazz's complaint for a writ of procedendo. Costs to Shabazz. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).
Complaint dismissed.
BLACKMON, A.J., CONCURS
 GALLAGHER, J., CONCURS.