[Cite as *State ex rel. McKibben v. Christensen Christensen Donchatz Kettlewell & Owen, L.L.P.*, 2018-Ohio-5253.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Michael T. McKibben, | : | |
| Relator, | : | |
| v. | : | No. 18AP-618 |
| Christensen Christensen Donchatz | : | (REGULAR CALENDAR) |
| Kettlewell & Owen LLP, | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on December 27, 2018

*Michael T. McKibben*, pro se.

IN MANDAMUS

KLATT, J.

{¶ 1} Relator, Michael T. McKibben, commenced this original action seeking a writ of mandamus by filing his "Appellant's Motion for Default Judgment Petition for Writ of Mandamus" on August 14, 2018. Relator is also before this court as the appellant in appeal No. 18AP-177, involving the same parties, and he filed his complaint for a writ of mandamus under that appellate case number. The clerk of this court eventually identified the pleading as a complaint commencing an action separate from the appeal and accordingly assigned a new case number to reflect the new original action.

{¶ 2} For the reasons that follow, we determine that relator's complaint in mandamus fails on its face to establish any right to a writ, and we sua sponte dismiss his complaint.

{¶ 3}    For a writ of mandamus to issue, the relator must demonstrate a clear legal right to the relief requested, the respondent must be under a clear legal duty to perform the requested act, and the relator must have no plain and adequate remedy at law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983). Sua sponte dismissal of a mandamus action without notice is warranted when the claim stated in the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. *State ex rel. Bunting v. Styer*, 147 Ohio St.3d 462, 2016-Ohio-5781, ¶ 12, citing *State ex rel. Cincinnati Enquirer v. Ronan*, 124 Ohio St.3d 17, 2009-Ohio-5947.

{¶ 4}    When sua sponte reviewing a judgment under Civ.R. 12(B)(6) for failure to state a claim on which relief can be granted, we review only the complaint and may dismiss the case only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. We must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the plaintiff. *Jones v. Greyhound Lines, Inc.*, 10th Dist. No. 11AP-518, 2012-Ohio-4409, ¶ 31, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190 (1988). We need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.).

{¶ 5}    Relator's complaint for a writ of mandamus fails, for a multiplicity of reasons, to state a claim for relief in mandamus.

{¶ 6}    First, relator has named a law firm, rather than a public official, as the respondent. A writ of mandamus will issue to compel the performance of a *public* duty by a *public* official where the default of that duty exists at the time the complaint in mandamus is filed. *State ex rel. Martinelli v. Corrigan*, 68 Ohio St.3d 362, 363 (1994). "Mandamus will not lie to enforce a private right against a private person." *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 163 (1967).

{¶ 7}    Second, to the extent that relator may seek a writ directed towards the judges of this court who will hear his appeal (and apart from the impossibility of this court issuing a writ directed at itself), mandamus will not lie to compel the exercise of judicial discretion to reach a certain outcome in the case. "[M]andamus will not lie to control judicial discretion, even if that discretion is abused. *See, e.g., State ex rel. Natl. City Bank v.*

*Maloney*, 103 Ohio St.3d 93, 2004-Ohio-4437, ¶ 11; R.C. 2731.03." *State ex rel. Rashada v. Pianka*, 112 Ohio St.3d 44, 2006-Ohio-6366, ¶ 3. Consequently, mandamus will not issue to compel the judges to enter a specific judgment in relator's appeal.

{¶ 8} Third, relator has an adequate remedy at law in the form of appropriate filings in his appeal before this court involving the same parties.

{¶ 9} For all these reasons, we sua sponte dismiss relator's complaint for a writ of mandamus.

*Cause dismissed.*

BROWN, P.J., and DORRIAN, J., concur.

_____