[Cite as *State ex rel. McBroom v. Ricart Properties, Inc.*, 2022-Ohio-1094.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Gracie E. McBroom, | : | |
| Relator, | : | |
| v. | : | No. 20AP-525 |
| [Ricart Properties, Inc.], | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

D E C I S I O N

Rendered on March 31, 2022

---

**On brief:** *Gracie E. McBroom,* pro se.

---

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

KLATT, J.

{¶ 1}  Relator, Gracie E. McBroom, commenced this original action in mandamus alleging that respondent, Ricart Properties, Inc. ("Ricart"), breached a contract and committed fraud by failing to replace the engine in her vehicle.  Relator requests that this court issue a writ of mandamus ordering Ricart to pay her compensatory and punitive damages.  Relator also seeks various other relief.  In response, Ricart filed a motion to dismiss.

{¶ 2}  Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto.  The magistrate found that under Ohio law mandamus will not lie to enforce a private right against a private person or entity.  Because

relator seeks to enforce a private right against a private entity, the magistrate has recommended that we grant Ricart's motion to dismiss.

{¶ 3} Relator, appearing pro se, has filed objections to the magistrate's decision. Relator's objections are very difficult to decipher. Relator's first argument appears to be that the magistrate's decision is void and a nullity because relator's motions to recuse were not decided prior to the magistrate's decision. Relator is mistaken. Relator's multiple motions seeking recusal of the magistrate were denied by this court in a journal entry dated October 2, 2021. The magistrate issued his decision on December 6, 2021. Therefore, relator's argument lacks merit.[1]

{¶ 4} Relator's remaining arguments are purportedly based on a wide variety of provisions from the Ohio Rules of Civil Procedure and various statutory and constitutional provisions. These arguments are incomprehensible. Moreover, to the extent they can be understood at all, none of the arguments even remotely address the basis for the magistrate's decision. Because relator has failed to identify any error by the magistrate, we overrule relator's objections.

{¶ 5} Although not the express basis for the magistrate's decision, we also note that relator is not entitled to relief in mandamus because she has an adequate remedy at law for her purported breach of contract and fraud claims. There are three requirements that must be met to establish a right to writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 6} Here, relator's complaint seeks mandamus relief based on allegations that Ricart breached its contract and committed fraud in the connection with its repair of the engine in her vehicle. Because relator may pursue civil remedies and money damages for these alleged causes of action in a state court of competent jurisdiction, relator has a plain and adequate remedy in the ordinary course of law. *State ex rel. Page v. Phipps*, 10th Dist. No. 19AP-347, 2020-Ohio-5487 (dismissing a mandamus action where relator had an

---

[1] On December 7, 2021, this court also overruled relator's multiple motions for reconsideration of its October 2, 2021 journal entry.

adequate remedy in the ordinary course of law).  For this additional reason, relator is not entitled to relief in mandamus.

{¶ 7}    Following an independent review of this matter, we find that the magistrate has properly determined the facts and applied the appropriate law.  Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein.  In accordance with the magistrate's decision, we deny relator's request for a writ of mandamus and grant respondent's motion to dismiss.

*Motion to dismiss granted; writ of mandamus denied.*

BEATTY BLUNT and MENTEL, JJ., concur.

———————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Gracie E. McBroom,         :

        Relator,         :

v.         :         No. 20AP-525

[Ricart Properties, Inc.],         :         (REGULAR CALENDAR)

        Respondent.         :

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on December 6, 2021

---

*Gracie E. McBroom,* pro se.

*Mac Murray & Shuster LLP,* and *Lisa A. Messner,* for respondent Ricart Properties, Inc.

---

IN MANDAMUS

**{¶ 8}** Relator, Gracie E. McBroom, has filed this original action alleging respondent, Ricart Properties, Inc. ("Ricart"), breached a contract and committed fraud in failing to replace the engine in her vehicle, a 2002 Kia Rio ("Kia"). She requests that this court issue a writ of mandamus ordering Ricart to pay compensatory and punitive damages, to give her a 2021 gray Genesis automobile ("Genesis"), to provide insurance and maintenance for the Genesis for five years, to install a rebuilt engine in her Kia, and to replace all of the needed parts on her Kia. Ricart has filed a December 9, 2020, motion to dismiss.

Findings of Fact:

{¶ 9}   1. Relator is an individual who allegedly took her Kia automobile to Ricart for repair services.

{¶ 10}  2. Ricart is a private business that engages in car repair services.

{¶ 11}  3. Although the exact details of the underlying circumstances are somewhat unclear, relator alleges that, in or about June or July 2014, the parties entered into an agreement that specified Ricart would replace her engine with a used engine. Relator alleges that she paid Ricart approximately $4,000 for the replacement engine, but Ricart never installed the replacement engine. Relator alleges that Ricart denied that the parties ever agreed that it would install a replacement engine and, in fact, denied that it ever installed a replacement engine.

{¶ 12}  4. In late 2020, relator alleges that she contacted the Better Business Bureau and the Ohio Attorney General but neither was helpful in resolving her claims, and they suggested the court system as a possible avenue for relief.

{¶ 13}  5. On November 13, 2020, relator filed a complaint for writ of mandamus against Ricart.

{¶ 14}  6. On November 16, 2020, relator filed an amended complaint for writ of mandamus, alleging Ricart breached its contract and committed fraud in failing to replace the engine in her Kia and requesting that this court issue a writ of mandamus ordering Ricart to pay compensatory and punitive damages, to give her a Genesis, to provide insurance and maintenance for the Genesis for five years, to install a rebuilt engine in her Kia, and to replace all of the needed parts on her Kia.

{¶ 15}  7. On December 9, 2020, Ricart filed a motion to dismiss.

Conclusions of Law:

{¶ 16}  The magistrate recommends that this court grant Ricart's motion to dismiss this action.

{¶ 17}  For a writ of mandamus to issue, the relator must demonstrate: (1) a clear legal right to the relief requested; (2) the respondent is under a clear legal duty to perform the requested act; and (3) the relator has no plain and adequate remedy at law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 18} A motion to dismiss pursuant to Civ.R. 12(B)(6) tests the sufficiency of the complaint. "In order for a court to dismiss a case pursuant to Civ.R. 12(B)(6) 'it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' " *T & M Machines, LLC v. Yost*, 10th Dist. No. 19AP-124, 2020-Ohio-551, ¶ 10, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.

{¶ 19} In the present case, relator's complaint fails to state a claim for relief in mandamus. Relator has named a private business, Ricart, rather than a public official, as the respondent in her mandamus complaint. "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. Thus, a writ of mandamus will issue to compel the performance of a public duty by a public official. *State ex rel. Martinelli v. Corrigan*, 68 Ohio St.3d 362, 363 (1994). *See also State ex rel. Verbanik v. Bernard*, 11th Dist. No. 2006-T-0080, 2007-Ohio-1786, ¶ 6 (the essential purpose of a writ of mandamus is to require a public official to complete a specific act which he or she has a legal obligation to do). However, "[m]andamus will not lie to enforce a private right against a private person." *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 163 (1967). *See, e.g., State ex rel. McKibben v. Christensen Donchatz Kettlewell & Owen LLP*, 10th Dist. No. 18AP-618, 2018-Ohio-5253, ¶ 6 (finding relator's mandamus complaint failed to state a claim because relator named a law firm, rather than a public official, as the respondent); *State ex rel. Bristow v. Windsor*, 4th Dist. No. 17CA9, 2017-Ohio-6879, ¶ 3 (finding mandamus will not lie to compel the relator's aunt to pay him damages for an alleged slander and for a freeze on all of his aunt's monies and property because the action seeks to enforce a private right against a private person); *State ex rel. Tax Lien Law Group, L.L.P. v. Cuyahoga Cty. Treasurer*, 8th Dist. No. 100181, 2014-Ohio-215, ¶ 7 (finding an attorney seeking to collect fees owed from a client pursuant to a contractual agreement between those parties concerns a private right against a private person); *State ex rel. Carrion v. Nunez*, 8th Dist. No. 91910,

2009-Ohio-3376, ¶ 10 (finding that mandamus will not lie against a private, independent, nonprofit corporation); *Ringel v. Case W. Res. Univ.*, 8th Dist. No. 82042, 2003-Ohio-186, ¶ 6 (finding relator failed to aver facts that can establish that Case Western Reserve University is not a private person, and mandamus cannot lie against a private person); *State ex rel. Bristow v. The Plain Dealer*, 8th Dist. No. 80462 ( 2001) (in mandamus action against newspapers, television stations, and television personalities, relator did not aver facts that establish that respondents are not private persons; thus, relator has failed to state a claim upon which relief in mandamus can be granted). Here, relator has not averred facts that establish that Ricart is not a private entity. As mandamus will not lie against a private person to enforce a private right, relator has failed to state a claim upon which relief in mandamus can be granted.

{¶ 20} Accordingly, it is the magistrate's decision that this court should grant Ricart's motion to dismiss relator's complaint for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).